Warren Wayne KAUFMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 3-83-061-CR.

Court of Appeals of Texas,
Austin.

Dec. 7, 1983.

Charles R. Kimbrough, Blundell & Moore, Lockhart, for appellant.

Jeffrey L. Van Horn, Dist. Atty., Todd A. Blomerth, Asst. Criminal Dist. Atty., Caldwell, for appellee.

Before PHILLIPS, C.J., and EARL W. SMITH and GAMMAGE, JJ.

PHILLIPS, Chief Justice.

Warren Wayne Kaufman appeals the trial court's judgment; the court revoked appellant's probation and sentenced him to serve ten days in jail.

We reverse the trial court's judgment.

On October 8, 1980, following a plea of guilty, appellant was adjudged guilty of the offense of driving while intoxicated. Punishment was assessed at a fine of two-hundred dollars and a jail sentence of sixty days; the jail term was probated.

Appellant was subsequently charged with having committed the offense of driving while intoxicated, alleged to have occurred on March 21, 1982. He was tried twice (Cause No. 14,322) for this latter offense: the first trial resulted in a mistrial; the second resulted in a conviction.

At the revocation hearing, the following exchange occurred:

THE COURT: Any further witnesses? [THE PROSECUTOR]: Your Honor, at this time the State would offer into evidence the testimony in the trial of Cause No. *14,324,* a case that was tried before this court in a jury trial on the 4th of August of this year, and ask that this court take judicial notice of the testimony in that court, both for the defense and the State where there was ample cross-examination and the opportunity for cross-examination on both sides, which resulted in a five-to-one hung jury for a conviction; and I would offer that into evidence at this time.

At that time the State would bring to the court's attention State's Exhibit No. 1 and that evidence which reflected the testimony of Officer Springfield, Officer Rios, and would rest.

THE COURT: All right, that will be accepted.

The trial judge purported to notice testimony given in the trial of Cause No. 14,324, not Cause No. 14,322. At a post-judgment hearing on appellant's motion to supplement the appellate record the trial judge answered "yes" when asked if it was "the evidence that was produced in the trial in Cause No. 14,322 that [he] took judicial notice of that formed the bases of [his] finding of guilt in [the revocation cause]." He also answered "yes" when asked if he took "judicial notice of the evidence that was produced in the case that was tried against Warren Wayne Kaufman that resulted in a hung jury."

In his second ground of error appellant asserts that the evidence adduced at the revocation hearing was insufficient to support the action of revocation and that such error constituted an abuse of discretion. He initially contends that he was denied due process by the taking of judicial notice of the testimony which resulted in a mistrial. He further asserts that, even if valid, the judicial notice technique was improperly applied since the facts noticed were not sufficiently identified at the revocation hearing.

A trial judge, at a hearing to revoke probation, may take judicial notice of the testimony he has heard in a prior criminal trial of the probationer. *Bradley v. State,* 564 S.W.2d 727 (Tex.Cr.App.1978). A revocation hearing is not a trial, but is rather administrative in nature: review on appeal is limited to a determination of whether the trial judge abused his discretion. *Id.*

A probationer is, however, entitled to certain due process protections in the revocation proceedings. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Bradley v. State, supra.*

Among the minimum requirements of due process is disclosure to the probationer of evidence against him. *Gagnon v. Scarpelli, supra.* Also, probation may not be revoked without an affirmative finding of a violation of probation supported by a preponderance of the evidence. *Bradley v. State, supra.*

Here appellant was informed that the trial court would take judicial notice of testimony given in Cause No. 14,324. By supplemental transcript appellant has produced, *inter alia,* the judgment of guilt in Cause No. 14,324; that cause is styled The State of Texas v. Steven McDade. The State does not contend that testimony adduced in the *McDade* cause is in any way relevant to appellant's probation revocation. It contends that from the revocation-hearing record, and from the trial judge's testimony at the post-judgment hearing, it is clear that the trial court knew what case was being discussed. The State's analysis ignores the fact that the probationer was entitled to disclosure of evidence against him; the fact that the trial judge subjectively knew what was judicially noticed does not constitute due process.

■ One method of causing the record to reflect testimony judicially noticed is by placing the transcribed court reporter's notes, appropriately identified, into the record. *Bradley v. State, supra.* A statement of facts covering the first trial of Cause No. 14,322 is contained in the record before us. We are unable to ascertain that it was introduced into evidence, or even referred to, at the revocation hearing. Thus it is not part of the statement of facts of the revocation hearing. It appears that there was an attempt to include the statement of facts of Cause No. 14,322 in the transcript of the revocation cause, as Volume II of the transcript. However, Volume II of the transcript contains no clerk's certificate, nor is it mentioned in the court's approval of the record. Even if the statement of facts from Cause No. 14,322 had been made a part of the revocation-hearing transcript, such would not cure the defect inherent in

failing to give appellant the required notice at the revocation hearing.

Absent the testimony rendered in Cause No. 14,322, there is no evidence in the record indicating that appellant violated the terms of his probation. The trial court abused its discretion in finding a violation.

■ In his fourth ground of error appellant points out another reason why the trial court's judgment must be reversed. A Mr. Acker had testified at the initial trial of Cause No. 14,322 that he had been with appellant on the evening that appellant allegedly violated the terms of probation and that appellant had not had anything to drink during that time.

Appellant called Acker to the stand at the revocation hearing. Before appellant asked any questions, the State took Acker on *voir dire.* It was established that Acker then knew nothing more about the relevant events than he knew at the time of his prior testimony. The trial court refused to allow appellant to examine Acker, for the reason that "this would be repetitive questioning."

Appellant was then permitted to make a bill of exceptions. After six questions were propounded, the court refused to let appellant continue the bill, because the testimony was a "repetition of the previous case."

Among the minimum requirements of due process which must be observed in probation-revocation hearings are the opportunity to be heard and the opportunity to present witnesses. *Gagnon v. Scarpelli, supra.* However, the trial court has discretion to preclude testimony that is repetitive of testimony already given. Here, without hearing appellant's proposed questions, the trial court determined that they would be repetitive. We do not know what the questions, much less the answers, would have been; because the trial court cut off appellant's bill, we will never know.

■ While Acker did state that he knew no more than he knew before, we have no way to ascertain whether he had previously testified to everything he knew. The trial court abused its discretion in cutting off the bill.

Although the evidence is insufficient to sustain probation revocation, the state is not prohibited from reprosecuting this cause. *Manning v. State,* 637 S.W.2d 941 (Tex.Cr.App.1982).

The order revoking probation is reversed and the cause is remanded.