**Alberto ESTRADA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–86–294–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 15, 1987.

David Gutierrez, Corpus Christi, for appellant.

Grant Jones, Dist. Atty's. Office, Corpus Christi, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

Appellant was convicted of the offense of delivery of heroin on May 4, 1979. Punishment was assessed at five years' imprisonment in the Texas Department of Corrections. After serving less than 6 months, appellant was granted shock probation on April 30, 1984, and was placed on five years' probation. On February 7, 1986, a motion to revoke appellant's probation was filed which alleged four violations of his conditions of probation. Appellant pleaded "not true" to the first three allegations and "true" to the last allegation. After hearing evidence, the court found the first and last allegations "true" and sentenced appellant to five years in the Texas Department of Corrections.

Appellant's court-appointed counsel appealed, filing a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), presenting a professional evaluation of the record and presenting one ground of error that may arguably support an appeal. *See High v. State*, 573 S.W.2d 807 (Tex. Crim.App.1978); *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App.1974). A copy of counsel's brief, accompanied by a letter informing the appellant of his right to examine the entire appellate record for the purposes of filing a pro se brief, was forwarded to the appellant. The appellant has been advised of his right to file a pro se brief. No pro se brief has been filed.

The sole ground of error advanced by counsel as one that might arguably support an appeal contends that the trial court committed reversible error in failing to order the State to disclose to the appellant evidence that was used against him, in that appellant requested the court to order the State to provide appellant the opportunity to review the probation officer's file, and the court refused. Appellant's attorney had requested to view the files because "they are notations concerning whether he did report or didn't pay his fees, and concern why we are here today, and it's my view that I have a right to see those."

Appellant contends that disallowing a view of the files constituted a deprivation of due process, i.e., "the right to disclosure to probationer of the evidence against him." *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Ruedas v. State*, 586 S.W.2d 520, 523 (Tex. Crim.App.1979); *Martinez v. State*, 635 S.W.2d 762, 766 (Tex.App.—Corpus Christi 1982, no pet.). Appellant's contention is without merit.

■ A revocation hearing is not a trial, but is administrative in nature. However, a probationer is entitled to certain minimum due process protections. *Wright v. State*, 640 S.W.2d 265 (Tex.Crim.App. 1982); *Kaufman v. State*, 662 S.W.2d 158 (Tex.App.—Austin 1983, no pet.). This includes the right not to have the probation revoked without learning upon what evidence the revocation was based. *Kaufman*, 662 S.W.2d at 160. This was accomplished through the testimony at appellant's hearing.

■ Prior to the commencement of the hearing, appellant made a general request to "see the probation officer's file." Such a request is too broad. A request for discovery must be specific and relevant. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Even at trial, where a defendant is afforded greater protections, a criminal defendant has no constitutional right to inspect the State's entire file. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Ransonette v. State*, 550 S.W.2d 36 (Tex.Crim.App.1976); *Mott v. State*, 543 S.W.2d 623 (Tex.Crim.App.1976). Appellant's ground of error is overruled.

■ The court found appellant guilty of violating a condition of probation which required appellant to participate in drug rehabilitation therapy as directed by the Adult Probation Officer. Testimony from appellant and his probation officer established by a preponderance of the evidence that appellant violated this condition of probation. This is sufficient to support the trial court's revocation of appellant's probation. *Moore v. State*, 605 S.W.2d 924 (Tex.Crim.App.1980).

The judgment of the trial court is AFFIRMED.