IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-336-CR





CLARENCE A. CAMPBELL,


a/k/a


MARCOS MARTIN DAVIS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 37,976, HONORABLE JOE CARROLL, JUDGE PRESIDING



 





PER CURIAM

 This is an appeal from an order revoking probation. Appellant was placed on
probation following his conviction for unauthorized use of a motor vehicle. Tex. Penal Code
Ann. § 31.07 (1989). The punishment is imprisonment for seven years. We affirm.

 Appellant contends the State failed to prove that he was the person placed on
probation in this cause. Appellant did not dispute his identity as the probationer in the district
court, however, and may not raise the issue for the first time on appeal. Riera v. State, 662
S.W.2d 606 (Tex. Crim. App. 1984); Barrow v. State, 505 S.W.2d 808, 810-11 (Tex. Crim.
App. 1974). The point of error is overruled.

 Appellant next urges that the district court erred by permitting a probation officer
to testify on the basis of an examination of his office records that appellant failed to report as
directed, and failed to pay the court costs, restitution, and supervisory fees he was ordered to pay
as conditions of probation. (Each of these failings was alleged as a ground to revoke appellant's
probation, and each was found true by the district court.) Appellant also complains of the
admission in evidence of a copy of the probation department's chronological record sheet. 
Appellant argues that probation department records are "matters observed by . . . law enforcement
personnel," and are therefore excluded from the public records and business records exceptions
to the hearsay rule. Tex. R. Crim. Evid. Ann. 803(6), (8) (Pamph. 1991). This argument is
based on the opinion in Cole v. State, No. 1179-87 (Tex. Crim. App., November 14, 1990)
(motion for rehearing granted).

 Appellant did not object to this evidence on the ground he now advances. Tex. R.
Crim. Evid. Ann. 103(a)(1) (Pamph. 1991). In fact, most of this evidence came in without
objection or, if an objection was voiced, without appellant obtaining an adverse ruling. Tex. R.
App. P. Ann. 52(a) (Pamph. 1991). The point of error is overruled.

 In another point of error, appellant complains of the district court taking judicial
notice of the testimony at appellant's trial for attempted murder. See Barrientez v. State, 500
S.W.2d 474 (Tex. Crim. App. 1973). This trial was held one month before the revocation
hearing, before the same judge, and resulted in a jury verdict of not guilty. Appellant contends
that the procedure employed denied him due process because the evidence against him was not
adequately disclosed. Kaufman v. State, 662 S.W.2d 158 (Tex. App. 1983, no pet.). 
Specifically, appellant complains that while the court agreed to notice all the testimony adduced
at the earlier trial, the testimony of only one witness was transcribed and introduced in evidence
at the revocation hearing. Again, we do not reach the merits of this point of error because it was
not preserved for review.

 Appellant did not object to the court taking judicial notice of the earlier testimony. 
He objected only to the court accepting the testimony as true. In response, the court said, "I'm
going to allow him to admit the evidence. . . . But then, I'll believe part of it that I want to
believe and disbelieve part of it that I want to disbelieve. . . . I guess you'd say I won't take
judicial knowledge of the truthfulness of all of it, if that's what you want me to say." Defense
counsel replied, "That's fine, Your Honor. I think our objection basically goes -- and you've
answered that." Clearly, appellant's trial objection does not comport with his contention on
appeal. Appellant was apparently satisfied with the court's ruling and voiced no other objection
to the court taking judicial notice of the earlier testimony. This point of error is overruled.

 Finally, appellant asserts that this Court erred by overruling his motion to amend
the appellate record. In this motion, appellant's counsel noted that the statement of facts on file
did not contain a transcription of the proceedings at which appellant was convicted and placed on
probation in this cause. He also noted the absence of a complete transcription of the attempted
murder trial. Thus, the motion first appeared to be a request to supplement the record to include
omitted material. Tex. R. App. P. Ann. 55(b) (Pamph. 1991). But the motion did not go on to
ask for this relief. Instead, the motion concluded by asking this Court to "submit the matter to
the trial court to settle this dispute and make the Statement of Facts conform to what actually
occurred during the course of the trial." Tex. R. App. P. Ann. 55(a) (Pamph. 1991).

 Contrary to the appellant's argument under this point of error, the motion did not
ask permission to supplement the appellate record. It asked this Court to order a hearing in the
district court to settle a dispute concerning the accuracy of the statement of facts. Because the
motion did not allege any inaccuracy in the record or describe any dispute that needed to be
resolved, it was overruled.

 In any event, appellant has not shown any need for a transcription of the court
reporter's notes from the other proceedings. The only testimony at the attempted murder trial that
is relevant to this appeal is that of a police officer who described finding two firearms on
appellant's person when he was arrested. This testimony was the basis for the district court's
finding that appellant violated the conditions of probation by unlawfully carrying firearms. This
testimony was transcribed and introduced in evidence at the revocation hearing, and it is a part
of the appellate record. Appellant argues that he needed the remainder of the statement of facts
from the earlier trial because "the trial judge . . . [took] judicial notice of all that testimony and
appellate counsel had no way of knowing what was contained in said testimony." But the
untranscribed testimony was relevant only to the second ground to revoke probation, which
alleged that appellant violated the conditions of probation by attempting to murder another person. 
The district court found this allegation to be untrue and did not revoke probation on this basis. 
Appellant does not explain in his brief why, under the circumstances, it was necessary to review
the statement of facts from the other trial. Compare Bradley v. State, 564 S.W.2d 727 (Tex.
Crim. App. 1978).

 Appellant argues that he needed the statement of facts from the earlier proceedings
in this cause because "Appellant claimed at his hearing where his probation was revoked that he
had not been legally placed on probation and the trial court had no jurisdiction over him. 
Appellate counsel needed that record to properly pursue Appellant's claim." Appellant did make
such a claim in a pro se motion. In this motion, appellant noted that he had been originally
convicted and sentenced to imprisonment for seven years but, one week later, he was granted a
new trial at which he was convicted and placed on probation. It was apparently appellant's theory
that the district court had acted unlawfully in granting the new trial, and that the judgment and
order placing him on probation were therefore void. (1)

 When this motion was brought to the attention of the district court at the revocation
hearing, the court stated that the motion would be carried until the conclusion of the hearing. 
Thereafter, appellant offered no evidence in support of the motion and never secured an express
ruling by the district court. Appellant therefore had no claim to pursue on appeal. The fourth
point of error is overruled.

 The order revoking probation is affirmed.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: October 23, 1991

[Do Not Publish]
1.   The judge who presided at the hearing below was not the judge who presided at the
original trial in this cause.