CR4-629.Zost.draft 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00629-CR







Edward Zost, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW OF CALDWELL COUNTY


NO. 22,049, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING







PER CURIAM


 This is an appeal from an order revoking probation. By nine points of error,
appellant complains that (1) the trial court reversibly erred by denying his motion to dismiss
because the State failed to show due diligence when apprehending appellant; (2) his constitutional
rights were violated when he was denied the right to review his probation file; (3) the trial court
erred by failing to make findings regarding the evidence relied upon for revoking probation; (4)
the trial court abused its discretion when finding that appellant violated his probation by failing
to report to the appropriate Fort Bend County and Caldwell County authorities; and (5) the trial
court erred by considering certain urinalysis evidence. We will affirm the trial-court order.



BACKGROUND


 Appellant was charged with possession of less than two ounces of marihuana, a
class B misdemeanor. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.121,
1989 Tex. Gen. Laws 2230, 2939 (Tex. Health & Safety Code Ann. § 481.121, since amended). 
On July 22, 1993, appellant waived his right to counsel and pleaded guilty. The trial court
assessed punishment at a $400 fine, court costs, and 180 days in county jail. The trial court
probated the jail sentence for twelve months. 

 On January 10, 1994, appellant notified his probation officer in Caldwell County,
Lisa Mobley, that he was living with his parents in Fort Bend County, and gave her his parents'
address and telephone number. Mobley believed that since appellant had moved in with his
parents, which seemed to be his permanent address, there would be no problem transferring
supervision of his probation to Fort Bend County. A few days after this telephone conversation,
Mobley sent appellant three monthly report forms and told him to report to her by mail by the 5th
of the month and that she would transfer supervision of his case to Fort Bend County. Appellant
never reported to Mobley by mail. She received a letter on March 3 from Fort Bend County
informing her that appellant had not kept his appointments to meet with their probation
supervision department and that Fort Bend County was rejecting courtesy supervision of
appellant's probation. After Fort Bend rejected supervision of appellant's probation, Caldwell
County's probation department sent a letter to appellant on March 17, 1994, instructing him to
contact their office by March 31. Appellant contacted the office and spoke to George Hernandez
but still did not report. When appellant did not report in April, the State filed a motion to revoke
appellant's probation on April 15 alleging that he had violated the terms of his probation. A
capias was issued and his name was placed into the TCIC/NCIC system. Mobley stated that the
next time she spoke with appellant was by telephone on April 18 when she told him that a warrant
had been issued for his arrest and that he should turn himself in to the authorities. She believed
that since she had spoken with appellant and informed him that a warrant had issued for his arrest
and to turn himself in to authorities, a subsequent letter stating the same thing was unnecessary. 
Mobley explained that because appellant was living in another county, there was nothing more that
Caldwell County could do to apprehend appellant. Appellant was arrested following a traffic stop
and made bond on June 20, 1994. 

 Appellant filed a motion to dismiss the State's revocation motion claiming that the
State failed to use due diligence in apprehending him and returning him to court for a hearing. 
Appellant, by his motion, contended that because the State failed to exercise due diligence he was
denied the opportunity to argue that his probation should be continued. Initially a hearing on the
State's probation revocation motion was set for July 27, 1994. After the court granted
continuances requested by both sides, a contested hearing was held on October 3, 1994. The trial
court denied appellant's motion to dismiss and made findings that he violated the terms and
conditions of his probation by failing to: (1) abstain from the use of marihuana; (2) report to the
Fort Bend County Community Supervision and Corrections Department; and (3) report by mail
to the Caldwell County Supervision and corrections Department during three months of 1994. 
The court revoked appellant's probation, reformed the original prison sentence of 180 days to 120
days in the Caldwell County jail, and assessed a $400 fine. The court's revocation and imposition
of sentence order was signed October 11, 1994, several months after his probationary period
expired on July 21, 1994. 



DUE DILIGENCE


 By point of error one, appellant contends that the trial court lacked jurisdiction to
revoke his probation after the expiration of his probationary period because the State did not
exercise due diligence in arresting him and returning him to court for a hearing after the capias
was issued. Appellant contends that the trial court erred by denying his motion to dismiss the
State's revocation motion since two months passed between the issue of the capias and appellant's
arrest, and that at all relevant times the State knew appellant's address and telephone number and
made no attempt to apprehend him. Further, appellant contends that the probation department's
recommendation was to modify appellant's probation by extending the term and requiring
appellant to participate in a drug counseling and treatment program. Appellant contends that the
trial court would have issued such a modified order, but the State's failure to exercise due
diligence prevented the court from considering such a modification. 

 A trial court preserves its jurisdiction to revoke probation after the probationary
period expires if (1) a motion to revoke was filed before the period expired and (2) a capias issued
before the period expired. Harris v. State, 843 S.W.2d 34, 35 (Tex. Crim. App. 1992); Hunter
v. State, 820 S.W.2d 5, 6 (Tex. App.--Austin 1991, no pet.). After satisfying these two requisites
and apprehending the probationer, the State is entitled to a hearing on its motion to revoke
probation. When, however, the probationer raises the issue of the State's diligence in
apprehending him and returning him to court, it is the State's burden to show due diligence in
apprehending the probationer and returning him for a hearing on the allegations asserted in the
State's motion to revoke. Harris, 843 S.W.2d at 35 (citing Rodriguez v. State, 804 S.W.2d 516,
519 (Tex. Crim. App. 1991) and Langston v. State, 800 S.W.2d 553, 554 (Tex. Crim. App.
1990)). If the probationer raises the diligence issue, the trial court must determine that the State
acted diligently in order for the court to retain its jurisdiction to revoke probation after expiration
of the probationary period. Harris, 843 S.W.2d at 35-36 n.1. In determining diligence, we
review the State's efforts in apprehending the probationer between the issuance of the arrest
warrant and the time of apprehension. Hunter, 820 S.W.2d at 7 (revocation order reversed
because no effort by department to contact probationer when department knew probationer's
address, 17 months between issuance of warrant and end of probationary period, 10 years between
warrant and arrest). For guidance, we refer to the facts presented in Harris, Rodriguez, and
Langston. 

 In Harris, the probationer was sentenced to five years' probation in January 1979. 
The State filed a motion to revoke and issued a capias in September 1980. The probationer was
not arrested until July 1990, long after his probationary term had expired. At trial, the
probationer claimed that the State failed to exercise due diligence in apprehending him and
returning him to court ten years after the State filed its revocation motion. In the interim, the
State had not attempted to inform the probationer that a warrant for his arrest was outstanding. 
The State had no explanation for its inaction despite the fact that the probation office had the
probationer's address and telephone number. The only evidence the State presented to show
diligence was that it had sent letters and made telephone calls to the probationer before the arrest
warrant issued. Additionally, there was no evidence that the probationer had escaped or gone into
hiding. The Harris court determined that the State had not met its burden to show due diligence
in apprehending and returning the probationer to court after issuance of the capias in 1980. 
Harris, 843 S.W.2d at 36.

 In Rodriguez, the probationer was arrested two years after the revocation motion
was filed and over a year after the probationary period expired. 804 S.W.2d at 518-19. The
probation office knew the probationer's address at all times but neither the police nor the
probation office explained why they had not tried to contact the probationer. The Rodriguez court
determined that the State had not shown due diligence. Id.

 In Langston, the probationer was arrested eight months after the revocation motion
was filed and the capias issued and seven and one-half months after the probationary period
expired. The State knew the probationer's address during those months and did not explain its
delay in arresting him. The Langston court determined that the State had not been diligent. 
Langston, 800 S.W.2d at 555. 

 The State's actions in this cause are different from the State's lack of action in
Harris, Rodriguez, and Langston. In this cause, the capias was issued April 15, 1994, and
appellant was arrested June 20, 1994, before appellant's probationary period expired July 21,
1994. Since the motion to revoke was filed and the capias issued before appellant's probationary
period expired, the State met the first two requisites for the court to preserve its jurisdiction over
the revocation motion after the probationary term expired. 

 Regarding the diligence issue, the time period between the State's filing of the
revocation motion and appellant's arrest was two months. We do not consider this amount of time
on a par with the delays in apprehending the probationers shown in Harris, Rodriguez, and
Langston. The State presented specific evidence of its diligence in apprehending appellant. This
evidence included the probation officer's telephone call to appellant three days after the capias
issued during which she informed him that the State had filed a probation revocation motion, a
warrant had issued for his arrest, and he should turn himself in to the authorities. The cause was
initially set for hearing on July 27, 1994. Testimony by the court clerk at the hearing reflected
that the time between June 20, 1994, and July 27, 1994, was not long at all and was a reasonable
amount of time to have elapsed before a hearing date. 

 We conclude that the State presented adequate evidence of due diligence in
apprehending appellant and setting the case for a hearing. We overrule appellant's first point of
error. 



REQUEST TO REVIEW PROBATION FILE


 By points of error two and three, appellant complains that the trial court committed
reversible error by denying his request to review the file developed by the probation department
on him. 

 Appellant made two requests to review the probation file, each made on a date
scheduled for a hearing on the matter. The first occurred on September 13, 1994, and the trial
court denied appellant's oral motion to review the entire probation file but granted appellant's
motion to the extent that he could review any portions of the file that he referred to specifically. 
Appellant did not refer specifically to any portion of the probation file nor did he further pursue
discovery of any portion of the file. Appellant made his second request orally on October 3,
1994, as the case was called for hearing. Appellant by his second request asked to review the
entire file and then asked to review the following specific items from the file: (1) a chronology
of contacts and appointments; (2) the violation report; (3) the violation data sheet; (4) letters
written to appellant; (5) letters written by appellant; (6) notations made by the supervising officer;
and (7) the result of drug tests. The trial court denied this request. During the proceeding, the
State admitted evidence and documents from the probation file to which appellant did not object
or request a continuance due to surprise. Appellant cross-examined the probation personnel
through whom documents from the probation file were offered. 

 Appellant challenges on appeal the trial court's denial of his requests to inspect the
entire probation file, not the court's denial of his October 3 request to inspect specific documents
in the file. Appellant contends that the court's denial resulted in a violation of his rights to due
process under the Fifth and Fourteenth Amendments to the United States Constitution. Gagnon
v. Scarpelli, 411 U.S. 778 (1973); Ruedas v. State, 586 S.W.2d 520, 523 (Tex. Crim. App.
1979). By point of error three, and making the same arguments asserted by point two, appellant
contends that the denial of his request to view the probation officer's file was a violation of the
due course of law provision of article 1, section 19 of the Texas Constitution. The Texas
constitutional protection of due course of law regarding probation revocation proceedings are
coextensive with the protection afforded by federal due process. Heitman v. State, 815 S.W.2d
681, 690 (Tex. Crim. App. 1991). 

 A revocation hearing is not a trial, but is administrative in nature. However, a
probationer is entitled to a certain minimum due process protection. Estrada v. State, 725 S.W.2d
345, 346 (Tex. App.--Corpus Christi 1987, no pet.) (citing Wright v. State, 640 S.W.2d 265 (Tex.
Crim. App. 1982)). The probationer is entitled to know the evidence on which the decision to
revoke was based. Kaufman v. State, 662 S.W.2d 158 (Tex. App.--Austin 1983, no writ). In this
instance, appellant learned upon what evidence his probation was revoked through the testimony
presented at the hearing. 

 Appellant's general requests to inspect the probation officer's file was too broad. 
A request for discovery must be specific. Estrada, 725 S.W.2d at 346. Even at a criminal trial,
where a defendant is afforded greater due process protection, a defendant has no right to inspect
the State's entire file. Id. (citing United States v. Agurs, 427 U.S. 97 (1976)). Though he does
not complain on appeal, after the general request, the court granted appellant the opportunity to
review specific portions of the file which appellant did not pursue. The failure to pursue
discovery, when granted or made available to the accused, constitutes waiver. United States v.
Douchette, 979 F.2d 1042, 1045 (5th Cir. 1992); State Ex Rel. Simmons v. Peca, 799 S.W.2d
426, 430 (Tex. App.--El Paso 1990, no pet.). Appellant's second and third points of error are
overruled. 



WRITTEN FINDINGS


 By points of error four and five, appellant complains that the trial court failed to
make written findings reflecting the evidence and reasons relied upon to revoke his probation. 
He contends that this error by the trial court violated his right to due process under the Fifth and
Fourteenth Amendments to the federal constitution and article 1, section 19 of the Texas
constitution. 

 Federal due process as applied in a probation revocation proceeding requires a
written statement by the fact finder regarding the evidence relied upon and reasons for revoking
probation. Black v. Romano, 471 U.S. 606 (1985). The written statement requirement provides
a basis for review and encourages accuracy in fact finding. Id. The form of the written statement
has not been the subject of much case law in Texas; however, the transcription of the oral
recitations of the trial court when coupled with the written provisions of the revocation order, can
supply due process protection. Id. 

 The trial court's order revoking appellant's probation states, "[T]he court is of the
opinion that the said Defendant violated the terms and conditions of his probation as alleged in
the State's Motion to Revoke Probation." At the conclusion of the hearing, the trial court stated
its findings that appellant had violated the terms and conditions of his probation in that he failed
to (1) abstain from the use of marihuana on or about August 27, 1993; (2) report to Fort Bend
County's Community Supervision and Correction department; and (3) report by mail as directed
by the Caldwell County Supervision and Correction department for the months of February,
March, and April of 1994. Reviewing the transcription of the revocation proceedings, along with
the trial court's order, we conclude that appellant was afforded sufficient notice to provide due
process protection. We overrule appellant's fourth and fifth points of error.



SUFFICIENCY OF EVIDENCE TO SUPPORT REVOCATION


 By points of error six through nine, appellant challenges the sufficiency of the
evidence to support the trial court's finding of three violations of the terms and conditions of
appellant's probation. 

 In a proceeding to revoke probation, the burden is upon the State to show by a
preponderance of the evidence that the probationer has violated the conditions of probation as
alleged in the revocation motion. Williams v. State, 910 S.W.2d 83, 85 (Tex. App.--El Paso 1995,
no pet.) (citing Jenkins v. State, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983)). The State
satisfies this burden when the greater weight of credible evidence creates a reasonable belief that
a condition of probation has been violated as alleged in the motion to revoke. Id. When the State
has sustained its burden, the decision whether to revoke probation is within the trial court's
discretion. Flournoy v. State, 589 S.W.2d 705, 708 (Tex. Crim. App. 1979). In a revocation
proceeding, the judge is the sole fact finder, and we will review the evidence in a light most
favorable to the revocation decision. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App.
1981); Ortega v. State, 860 S.W.2d 561, 564 (Tex. App.--Austin 1993, no pet.). Only one ground
for revocation need be proved to sustain the trial court's revocation order. Jones v. State, 571
S.W.2d 191, 193-94 (Tex. Crim. App. 1978); Williams, 910 S.W.2d at 85. By point of error
eight, appellant contends that the trial court erred by considering the urinalysis evidence admitted
at the hearing and concluding that appellant violated the term and condition of probation "that he
abstain from the use of marihuana." Appellant contends that the trial court unlawfully delegated
its authority by making the following a condition of probation, "submit to urinalysis as directed
by [the] probation officer." See Ortega, 860 S.W.2d at 565 ("submit a urine specimen at the
direction of the Probation Officer, daily if ordered" was improper delegation of court's authority). 
Therefore, appellant asserts, since the taking of the urine sample was unlawful, the court should
not have considered the results of the analysis and determined that he had violated the condition
of probation that he abstain from the use of marihuana. We disagree.

 The probationer in Ortega failed to submit a urine sample requested by his
probation officer. Thus, the probation condition at issue in Ortega was the requirement that the
probationer submit urine samples as requested by his probation officer. In the cause before us,
appellant voluntarily submitted a urine sample upon request of his probation officer, that, after
analysis, revealed that appellant had not abstained from the use of marihuana. Consequently, the
probation condition at issue in the cause before us is whether appellant abstained from the use of
marihuana, not the failure to submit a urine sample as in Ortega. We conclude that the trial court
did not abuse its discretion by determining that appellant violated the condition of probation
requiring him to abstain from the use of marihuana. We overrule appellant's eighth point of
error.

 By point of error nine, appellant contends that the trial court erred by admitting
urinalysis evidence because the State failed to properly establish a chain of custody showing that
the urine sample presented as evidence at the hearing was actually taken from appellant. 
Appellant contends that though the sample container was marked with appellant's name before he
gave the sample, probation officer George Hernandez, after monitoring the taking of the sample,
did not put his initials on the container or mark it to show that it was the same one taken from
appellant for testing. 

 Generally, proof of the chain of custody is vital to the admissibility of evidence if
its relevant characteristics are distinguishable only by scientific tests or analyses. Hammett v.
State, 578 S.W.2d 699, 708 (Tex. Crim. App. 1978). If the State proves the beginning and the
end of the chain of custody, any gaps in between usually go to the weight and not to the
admissibility of the evidence. Id. The State proved the chain of custody from the taking of the
sample to the time that it was brought to the hearing. The credibility of the State's explanation
was for the fact finder, the trial court in this instance, to determine. We overrule appellant's ninth
point of error. 

 Because we conclude that sufficient evidence exists to support one of the three
grounds alleged for revoking appellant's probation it is unnecessary for us to address the merits
of points of error six and seven as they are not dispositive of this appeal. Tex. R. App. P. 90 (a).



CONCLUSION


 We affirm the trial-court's order revoking appellant's probation.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: April 17, 1996

Do Not Publish



eged in the motion to revoke. Id. When the State
has sustained its burden, the decision whether to revoke probation is within the trial court's
discretion. Flournoy v. State, 589 S.W.2d 705, 708 (Tex. Crim. App. 1979). In a revocation
proceeding, the judge is the sole fact finder, and we will review the evidence in a light most
favorable to the revocation decision. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App.
1981); Ortega v. State, 860 S.W.2d 561, 564 (Tex. App.--Austin 1993, no pet.). Only one ground
for revocation need be proved to sustain the trial court's revocation order. Jones v. State, 571
S.W.2d 191, 193-94 (Tex. Crim. App. 1978); Williams, 910 S.W.2d at 85. By point of error
eight, appellant contends that the trial court erred by considering the urinalysis evidence admitted
at the hearing and concluding that appellant violated the term and condition of probation "that he
abstain from the use of marihuana." Appellant contends that the trial court unlawfully delegated
its authority by making the following a condition of probation, "submit to urinalysis as directed
by [the] probation officer." See Ortega, 860 S.W.2d at 565 ("submit a urine specimen at the
direction of the Probation Officer, daily if ordered" was improper delegation of court's authority). 
Therefore, appellant asserts, since the taking of the urine sample was unlawful, the court should
not have considered the results of the analysis and determined that he had violated the condition
of probation that he abstain from the use of marihuana. We disagree.

 The probationer in Ortega failed to submit a urine sample requested by his
probation officer. Thus, the probation condition at issue in Ortega was the requirement that the
probationer submit urine samples as requested by his probation officer. In the cause before us,
appellant voluntarily submitted a urine sample upon request of his probation officer, that, after
analysis, revealed that appellant had not abstained from the use of marihuana. Consequently, the
probation condition at issue in the cause before us is whether appellant abstained from the use of
marihuana, not the failure to submit a urine sample as in Ortega. We conclude that the trial court
did not abuse its discretion by determining that appellant violated the condition of probation
requiring him to abstain from the use of marihuana. We overrule appellant's eighth point of
error.

 By point of error nine, appellant contends that the trial court erred by admitting
urinalysis evidence because the State failed to properly establish a chain of custody showing that
the urine sample presented as evidence at the hearing was actually taken from appellant. 
Appellant contends that though the sample container was marked with appellant's name before he
gave the sample, probation officer George Hernandez, after monitoring the taking of the sample,
did not put his initials on the container or mark it t