David Spencer McILVAINE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–01192–CR.

Court of Appeals of Texas, Houston (1st Dist.).

July 31, 1997.

Leslie M. Ribnik, Houston, for Appellant.

John B. Holmes, Calvin Hartman, Houston, for Appellee.

Before MIRABAL, WILSON and TAFT, JJ.

## OPINION

MIRABAL, Justice.

Appellant David Spencer McIlvaine appeals the trial court's order revoking his probation. We reverse.

Appellant was convicted on July 24, 1990, of possession of a controlled substance, and the trial court placed appellant on five-years probation. Four years later, on August 5, 1994, the State filed a motion to revoke probation. At that time, the trial court issued a capias for appellant's arrest. Appellant was not arrested under the capias until August 25, 1995, a year after the capias was issued and one month after his probation period had expired.

After his arrest, appellant filed a motion to dismiss the motion to revoke probation, alleging the State failed to use diligence in apprehending him. Approximately one month later, the trial court held a hearing for the sole purpose of determining if the State used due diligence. The court did not hear the merits of the State's motion to revoke probation. At the conclusion of the hearing, the court denied appellant's motion to dismiss.

The following day, appellant signed a stipulation of evidence pleading true to the allegations of probation violations filed against him in the motion to revoke probation. The stipulation of evidence was entered into as part of a plea bargain, with the State recommending punishment at three-years confinement. The trial court assessed punishment in compliance with the State's recommendation. Appellant timely filed a written notice of appeal that (1) specified appellant's desire to appeal from the trial court's denial of appellant's written motion to dismiss the motion to revoke probation, and (2) specified that the trial court had ruled on the motion prior to the entry of appellant's plea.

In his sole point of error, appellant asserts the trial court erred in denying appellant's motion to dismiss the motion to revoke probation because there was no evidence to show the State had been diligent in apprehending appellant.

A trial court preserves its jurisdiction to revoke probation after the probationary period expires, if (1) a motion to revoke was filed before the period expired, and (2) a capias issued before the period expired. *Harris v. State,* 843 S.W.2d 34, 35 (Tex.Crim. App.1992). After satisfying these two requisites and apprehending the probationer, the State is entitled to a hearing on its motion to revoke probation. *Id.* If the probationer raises the issue of "lack of due diligence," the burden is on the State to show it exercised diligence in apprehending the probationer and hearing the allegations in the motion to revoke. *Id.*

In the present case, the record shows the State filed a motion to revoke probation within appellant's probation period. Additionally, the capias issued before appellant's probation expired. Therefore, the first two elements of the test were satisfied.

Appellant raised the issue of due diligence when he moved the court to dismiss the State's motion to revoke probation for lack of due diligence. Thus, the burden was on the State to show due diligence in arresting appellant. *Harris,* 843 S.W.2d at 35.

At the hearing on appellant's motion to dismiss the motion to revoke, the State called only one witness, Shannon Vincento. She was the court liaison officer for the trial court and was responsible for taking care of the records for probationers in that court. Vincento testified that according to her records, appellant's address on July 14, 1994, was 14958 Demming, Channelview, Texas; a motion to revoke appellant's probation for technical violations was filed on August 5, 1994; an arrest warrant was given to the Sheriff's Department; Vincento had no knowledge of any attempts by the Sheriff's Department to detain or arrest appellant; Vincento's file did not indicate there was any telephone contact with appellant between August, 1994 and the date of the hearing on September 28, 1995.

A joint stipulation of evidence was also filed with the trial court at the hearing. The parties stipulated that if appellant's wife, father and mother were to testify, they would say they never had any contact with peace officers attempting to execute the revocation capias, or making inquires as to the location of appellant. The parties also stipulated that appellant was not aware of any attempts having been made to arrest him on the capias.

The record is clear that the motion to revoke was filed, and the warrant issued, in August, 1994; appellant's probation period expired July 24, 1995; and appellant was not arrested in connection with the motion to revoke until August 25, 1995. Appellant's arrest came one month after his probation expired, and more than one year after the warrant issued.

The State did not meet its burden to show it used diligence in apprehending appellant on the motion to revoke probation and capias. The record does not show any effort whatsoever by the State to apprehend appellant during the one year and 20-day period between August 5, 1994 (when the motion to revoke was filed) and August 25, 1995 (when appellant was arrested). There is no indication that appellant was hiding or that appellant's address was any different than the address listed in Vincento's file.

Only the court's action authorizing the arrest of the probationer, followed by diligent efforts to apprehend and hear and determine the claimed violation, can authorize revocation after the probation term has ended. *Langston v. State*, 800 S.W.2d 553, 554 (Tex.Crim.App.1990) (unexplained delay of eight months between motion to revoke and arrest was not diligent effort); *see also Prior v. State*, 795 S.W.2d 179, 183 (Tex. Crim.App.1990). Because the State did not exercise diligence in apprehending appellant and in hearing and determining the allegations in the motion to revoke, appellant's motion to dismiss should have been granted by the trial court. *Accord Harris*, 843 S.W.2d at 36; *Rodriguez v. State*, 804 S.W.2d 516, 518–19 (Tex.Crim.App.1991); *Langston*, 800 S.W.2d at 555; *Holtzman v. State*, 866

S.W.2d 728, 730 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).

Accordingly, we sustain appellant's sole point of error.

We reverse the judgment and remand this case to the trial court with instructions to set aside the order revoking appellant's probation.