No. 04-98-00863-CR

Dawn ACEVEDO,

Appellant

v.

The STATE of Texas,

Appellee
From the 290th Judicial District, Bexar County, Texas

Trial Court No. 87-CR-4651

Honorable Sharon MacRae, Judge Presiding

Opinion by: Alma L. López, Justice

Sitting: Phil Hardberger, Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice

Delivered and Filed: November 24, 1999

AFFIRMED

 Dawn Acevedo appeals the revocation of her probation on the grounds of ineffective
assistance of counsel. Because Acevedo was not deprived of a fair revocation proceeding, we affirm
the judgment of the trial court.

 On May 5, 1988, Acevedo pled guilty to an indictment charging her with possession of
cocaine. The trial judge adjudicated Acevedo guilty and sentenced her to eight years in prison. The
trial judge then probated Acevedo's sentence for eight years. On May 31, 1996, the trial judge
extended Acevedo's probation for two additional years to give Acevedo additional time to pay
required fees. As a result, Acevedo's probation was set to expire on May 31, 1998.

 On August 6, 1996, the State filed a third Motion to Revoke Probation, alleging that Acevedo
used cocaine, consumed alcoholic beverages, failed to report, and failed to make required payments.
On August 8, 1996, a capias was issued for Acevedo's arrest; however, Acevedo was not arrested
until August 26, 1998. Because she was arrested two years after the capias was issued and three
months after her probation was scheduled to expire, Acevedo argues on appeal that her attorney was
ineffective for failing to raise the issue of the State's due diligence in revoking her probation.

 A claim of ineffective assistance of counsel is reviewed under the standard set out in
Strickland v. Washington, 104 S.Ct. 2052 (1984). To prove ineffective assistance of counsel under
Strickland, the appellant must prove that her lawyer's conduct was deficient, and that the result of
the proceeding would have been different but for the lawyer's deficient performance. Strickland,
104 S.Ct. at 2064, 2068. This standard applies to both phases of trial.(1) Whether this standard has
been met is judged by the totality of representation rather than by isolated acts or omissions by trial
counsel. See Butler v. State, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986).

 To establish her attorney's deficient performance, Acevedo relies on case law addressing the
trial court's jurisdiction to revoke a probationer's community supervision after the probationary term
has expired. See Langston v. State, 800 S.W.2d 553, 554 (Tex. Crim. App. 1990) (setting out
prerequisites for revoking probation after probationary term has expired); McIlvaine v. State, 960
S.W.2d 89, 90 (Tex. App.--Houston [1st Dist.] 1997, no pet.) (explaining procedures for
proceedings to revoke probation after expiration of term). Under that authority, a probationer's
complaint about the State's due diligence to apprehend the probationer shifts the burden to the State
to show that it exercised due diligence in apprehending the probationer and in hearing the allegations
in the motion to revoke. See McIlvaine, 960 S.W.2d at 90. Where a probationer raises the issue of
due diligence and the State fails to show due diligence, the courts have reversed the trial court's
order revoking the probationer's community supervision. See Langston, 800 S.W.2d at 555
(reversing because State failed to show due diligence during revocation hearing); McIlvaine, 960
S.W.2d at 91 (reversing because State failed to carry its burden to show due diligence in
apprehending probationer). In the instant case, however, Acevedo's attorney did not raise the issue
of due diligence. This failure, Acevedo argues, was not only deficient, but acted to deprive her of a
fair revocation proceeding.

 Clearly, Acevedo's attorney should have raised the issue of the State's due diligence during
her revocation proceeding. Had the attorney raised the issue, the State would have been required to
show due diligence to apprehend Acevedo and to conduct a hearing on the allegations contained in
its third motion to revoke Acevedo's probation. Showing due diligence would have undoubtably
been difficult for the State after some two years had passed since the capias was issued. Nonetheless,
the mere passage of time does not necessarily mean that the State would have been unable to show
due diligence sufficient to proceed on the revocation of Acevedo's probation. As a result, the
question of whether the result of the proceeding would have been different but for her attorney's
deficient performance is difficult to assess. Acevedo argues that the unfairness of the proceeding is
established by the fact that she is now facing eight years of incarceration because of her attorney's
failure. The second prong of the Strickland test for ineffective assistance of counsel, however, is not
so easily satisfied.

 In Strickland, the U.S. Supreme Court explained that setting aside a conviction solely because
the outcome would have been different but for counsel's error may grant the defendant a windfall
to which the law does not entitle him. See Lockhart v. Fretwell, 113 S.Ct. 838, 842-43 (1993).
Likewise, if not even more so, setting aside a conviction solely because the outcome could have been
different but for counsel's error--the situation presented here--might grant a defendant a windfall
to which the law does not entitle her. As a result, a criminal defendant alleging prejudice must show
that her attorney's errors were so serious as to deprive her of a fair trial, a trial with an unreliable
result. See Lockhart, 113 S.Ct. at 842.

 In the instant case, Acevedo was not deprived of a fair trial or any specific constitutional right
designed to guarantee a fair trial. See Lockhart, 113 S.Ct. at 843. Acevedo was represented by
counsel, apparently by an attorney of her choosing.(2) During the revocation proceeding, Acevedo pled
"true" to violating the terms of her probation by failing to report to the probation office in June and
July of 1996, and by failing to make required fee payments. She also acknowledged that she
understood that the trial judge would revoke her probation if she pled true to the State's allegations,
and after this acknowledgment, she assured the trial judge that she wanted to plead "true."(3) Acevedo
also had the opportunity to explain to the trial judge that she had been homeless during June and July
of 1996 when she failed to report. At the conclusion of Acevedo's statements to the trial court, the
judge sentenced Acevedo in accordance with her original eight-year sentence. Under these
circumstances, the result of Acevedo's revocation proceeding was neither unfair or unreliable. Id.
Because Acevedo was not deprived of a fair and reliable proceeding, we overrule Acevedo's issue
complaining of ineffective assistance of counsel. Having overruled this issue, we affirm the trial
court's order revoking Acevedo's probation.


 Alma L. López, Justice

DO NOT PUBLISH


1. See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (stating that Strickland applies to both
the guilt/innocence and punishment phases of trial and overruling Ex Parte Duffy which was previously used to evaluate
effectiveness of counsel during punishment phase).
2. The record indicates that Acevedo retained the attorney who represented her during the revocation proceeding.
3. After Acevedo pled true to two of the State's allegations, the trial judge questioned Acevedo as follows:

 THE COURT: And you're aware that telling me it's true will get you revoked?

 ACEVEDO: Yes, ma'am.

 THE COURT: And if I revoke you, you're going to prison for eight years.

 ACEVEDO: Yes, ma'am.

 THE COURT: You still want to plead true?

 ACEVEDO: Yes.