James R. HUNTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–90–199–CR.

Court of Appeals of Texas,
Austin.

July 3, 1991.

Don Morehart, Austin, for appellant.

Carl Bryan Case, Asst. Dist. Atty., Austin, for appellee.

Before CARROLL, C.J., and JONES and DAVIS,* JJ.

DAVIS, Judge.

This is a probation revocation case. Appellant entered a plea of guilty to the offense of forgery by passing on January 29, 1979. *See* Tex.Pen.Code Ann. § 32.21 (1989). On February 8, 1979, punishment was assessed at ten years' confinement, probated. A motion to revoke probation was filed March 21, 1980, and a warrant for appellant's arrest issued on the same date. Appellant was arrested more than ten years later, on July 25, 1990. The trial court heard the 1980 motion to revoke on September 4, 1990. At the conclusion of the hearing, probation was revoked and punishment was reduced to five years' confinement.

In a single point of error, appellant contends the court lacked jurisdiction to revoke his probation after the expiration of

---

* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See*    Tex.Gov't Code Ann. § 74.003 (1988).

the probationary period because the State did not exercise due diligence in arresting the appellant after a warrant had been issued. We will reverse the trial court's judgment and remand the cause.

■ A trial court may hold a hearing on a motion to revoke probation, even after the probationer's term of probation has expired, as long as the motion to revoke was filed and a capias or arrest warrant issued before the expiration of the probationary term. *Rodriguez v. State*, 804 S.W.2d 516, 517 (Tex.Cr.App.1991); *Guillot v. State*, 543 S.W.2d 650, 652 (Tex.Cr.App.1976). In addressing the matter of holding a hearing after the expiration of the probationary term, the court in *Stover v. State*, 365 S.W.2d 808 (Tex.Cr.App.1963), stated the rule, as follows:

> The mere fact that a motion has been filed during the probation term alleging a violation of the conditions of probation will not authorize revocation after such term has expired. Only the court's action authorizing the arrest of the probationer, followed by diligent effort to apprehend and hear and determine the claimed violation, can authorize revocation after the probation term has ended.

365 S.W.2d at 809.

■ In *Rodriguez*, the defendant moved to dismiss the State's motion to revoke based on a lack of diligence on the part of the State in arresting him. The court held that once the defendant has raised the issue, the State has the burden of showing due diligence. 804 S.W.2d at 517. In the instant case, the appellant made a motion to dismiss at the conclusion of the State's case in chief, asserting that the State had not discharged its obligation to exercise due diligence in presenting the appellant for a hearing on the motion to revoke.

In *Langston v. State*, 800 S.W.2d 553 (Tex.Cr.App.1990), the motion to revoke was filed within the probationary period; however, the defendant was not arrested until eight months after the motion to revoke was filed, and seven and one-half months after the expiration of his probationary term. The State was shown to be aware of the defendant's address at all times. The court found that the State had not explained the seven and one-half month delay from the expiration of the probationary term until appellant's arrest, and concluded that the State had not shown due diligence in apprehending the defendant. 800 S.W.2d at 555.

In *Rodriguez*, probation was not revoked until "about two years after the motion to revoke was filed, and over a year after his term of probation expired." While the probation department was aware of the defendant's address, it was shown to be the policy of the department to take no further action after the warrant of arrest was delivered to the sheriff's department. Probation officers testified that they had not been contacted by either the sheriff's or district attorney's offices regarding defendant's whereabouts. After finding that the State had failed to show a diligent effort to apprehend defendant almost two years after the issuance of the warrant for his arrest, the court concluded the defendant's motion to dismiss should have been granted. 804 S.W.2d at 518.

In this case, records reflect that appellant visited the probation department on April 4, 1979. The department's records further reflect that thereafter, appellant failed to report as directed, and an effort to contact appellant by telephone on October 10, 1979, revealed that appellant's telephone had been disconnected. In an effort to locate appellant in 1980, the department contacted law enforcement agencies, city utilities and the telephone directory, direct and "crosscross," to no avail.

Probation officer Landrum, the supervisor of appellant's case since October 1986, identified three letters in appellant's file. A letter from the probation department, dated September 21, 1979, advised appellant that he had failed to comply with his probationary terms relative to the payment of fees, costs and reporting. The department sent another letter to appellant on October 28, 1985. Both of these letters were sent to appellant's last known Austin address and were returned with notations that appellant had moved and left no forwarding address. The third letter was sent

to a Rita Ketchum in Austin on October 13, 1981. This letter contained a request from the director of the probation department for "courtesy supervision" of appellant's case. The letter recites that appellant "presently is living at 341 Kirman, Reno, Nevada."

Appellant's motion to dismiss shifted the burden to the State to show diligence in apprehending appellant. While the probation departments in *Rodriguez* and *Langston* were aware of the defendant's places of residence at all times, such is not the case in the matter before us. The probation department's 1981 letter reflects the department's knowledge of appellant's street address in Reno, Nevada.

Appellant was arrested ten years after the motion to revoke was filed, and seventeen months after the expiration of his probationary term. A second motion to revoke was filed in 1986. However, the State elected to proceed on the 1980 motion at a hearing to revoke on September 4, 1990.

■ The standard for determining diligence in *Rodriguez* and *Stover* appears to be directed to the effort to apprehend probationer between the issuance of the arrest warrant and the time of apprehension. In *Langston,* the court appears to focus on the diligence shown between the termination of the probationary term and probationer's arrest. In this case, the record fails to disclose any effort to apprehend appellant during the seventeen months between the expiration of appellant's probationary term and his arrest. The last effort to contact appellant in the ten-year period between issuance of the warrant and his arrest in 1990 appears to be the letter sent appellant in 1985 at his last known Austin address. Before this letter, the department had written a letter in 1981 stating that appellant was living in Nevada. Under either standard, the State has not discharged its burden to demonstrate a diligent effort to apprehend appellant. Appellant's motion to dismiss should have been granted.

The order revoking probation is reversed and the cause is remanded to the trial court for action consistent with this opinion.