**James Lee HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 322–92.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 9, 1992.

Annette K. Hanna, College Station, for appellant.

Bill Turner, Dist. Atty., and Margaret Lalk, Asst. Dist. Atty., Bryan, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant pled guilty to involuntary manslaughter on January 3, 1979. That same day, the trial court assessed punishment at five years of probation. The trial court revoked appellant's probation on February 20, 1991. The Court of Appeals affirmed the trial court's decision in an unpublished opinion. *Harris v. State,* No. C14–91–00204–CR, 1991 WL 275720 (Tex.App.—Houston [14th Dist.], December 27, 1991). This Court granted appellant's petition for discretionary review to determine whether the Court of Appeals correctly held that the State, because it used diligence to find appellant, could revoke his probation after the probation period ended. We reverse.

The record shows that after appellant received probation in Brazos County in January 1979, he requested courtesy supervision in Tarrant County, where he planned to work while living with his brother. That request was granted, but appellant decided not to relocate there. Appellant then stopped reporting to his probation officer in Brazos County after two visits and failed to pay the probation fees, court costs, and fine required by his probation. To locate appellant, the Brazos County Probation Department mailed letters to his address in College Station in April, May, July, and October of 1979. None were answered, but none were returned as undeliverable. The probation office also called appellant's mother in June 1980 requesting that he appear.

The State filed a motion to revoke appellant's probation on September 24, 1980, alleging that he had violated the terms of his probation. A capias for his arrest was issued and his name was placed into the TCIC/NCIC system. In October 1982, the Brazos County Probation Department placed appellant in its absconder caseload, which meant that the department then did

records checks with the local police and the Department of Public Safety, requested updated address information from the post office, and contacted references listed on appellant's personal data sheet. The information it gathered was forwarded to the sheriff. Further records checks were made in November 1983. The State took no further steps to locate appellant until appellant was arrested for driving while intoxicated in July 1990.

During the period from 1979 to 1990, the record shows that appellant lived in three places. At first he lived with his parents at 302 Sterling Street in College Station. He later moved to Fort Worth to live with his brother for several months. He then moved to 305 Sterling Street in College Station, in a house across the street from his old address. While living at 305 Sterling, appellant began full time work for a local business in 1987.

■ Appellant, in his one point of error before the Court of Appeals, argued that the trial court lacked jurisdiction to revoke his probation ten years after the motion to revoke was filed because the State did not use diligence to apprehend him. The Court of Appeals affirmed the trial court.

■ A trial court preserves its jurisdiction to revoke probation after the probationary period expires if a motion to revoke was filed before the period expired and a capias issued before the period expired. *Langston v. State,* 800 S.W.2d 553, 554 (Tex.Crim.App.1990) (per curiam); *Prior v. State,* 795 S.W.2d 179, 184 (Tex.Crim.App. 1990). After satisfying these two requisites and apprehending the probationer, the State is entitled to a hearing on its motion to revoke probation. The burden is on the State to show diligence in apprehending the probationer and hearing the allegations in the motion once the issue is raised by the probationer. *Rodriguez v. State,* 804 S.W.2d 516, 519 (Tex.Crim.App.1991) (per curiam); *Langston,* 800 S.W.2d at 555.[1]

1. In both *Langston* and *Prior* the Court held a trial court has jurisdiction to revoke probation after the probationary term has expired if three requirements were met, *viz:* (1) a motion alleging a violation of probationary terms was filed prior to expiration of the period, (2) a capias or arrest warrant issued prior to expiration of the period, and (3) the State exercised due diligence in apprehending and in hearing and determining the allegations in the motion. *Prior,* 795

Two recent decisions of this Court provide guidance for determining diligence. In *Rodriguez,* 804 S.W.2d 516, the defendant was arrested two years after the motion for revocation was filed and over a year after the probation period expired. The probation office knew the defendant's address at all times, but neither the police nor the probation office tried to contact him. 804 S.W.2d at 518–19. Because the State did not explain why it had not tried to contact the defendant, this Court found a lack of diligence. Similarly, in *Langston,* 800 S.W.2d 553, the defendant was arrested eight months after the motion for revocation was filed and seven and a half months after probation expired. The State knew the defendant's address during those months and did not explain its delay in arresting him. This Court found that the State had not been diligent. 800 S.W.2d at 555.

The actions of the State in this case are not diligent under *Rodriguez* and *Langston. See Hunter v. State,* 820 S.W.2d 5, 6 (Tex.App.—Austin 1991, no pet.). For over two years after the capias issued, the State did nothing and has no explanation in the record for its inaction. Even after the probation office placed appellant on the absconder caseload in 1982, no evidence shows that anyone ever went to Sterling Street, wrote to Sterling Street, or made any effort to reach appellant's brother in Fort Worth. These steps were not taken even though the Brazos County Probation Department knew appellant's first College Station address and knew from his supervision request that he could be with his brother in Fort Worth.

The six years of inaction after the record searches in 1983 are also unexplained. Appellant had not escaped from custody and gone into hiding. *See Rodriguez,* 804 S.W.2d at 518; *Langston,* 800 S.W.2d at 555. Appellant never left the county except to live with relatives known to the probation department. From 1987 on, including the entire time after the probation period expired, he lived in College Station and worked full-time. Appellant even testified that he "figured they would send a warrant for my arrest and I'd turn myself in, serve my time." Such a long period of unexplained inaction shows a lack of diligence. *See Langston,* 800 S.W.2d at 555; *Hunter,* 820 S.W.2d at 7.

■ The Court of Appeals incorrectly relied on the letters and phone call to 302 Sterling before the capias issued as evidence of the State's diligence. That reliance was misguided because the State must show that it used diligence after the motion to revoke was filed and the capias issued. *Rodriguez,* 804 S.W.2d at 519; *Langston,* 800 S.W.2d at 555; *Prior,* 795 S.W.2d at 185.

Because the State did not exercise diligence in apprehending appellant and in hearing and determining the allegations in its motion to revoke, appellant's "motion for discharge from probation"[2] should have been granted by the trial judge. The State having failed in its burden, the trial court erroneously granted the State's motion to revoke. The judgments of the Court of Appeals and the trial court are reversed. This cause is remanded to the trial court for action consistent with this opinion.

McCORMICK, P.J., not participating.

---

S.W.2d at 184; *Langston,* 800 S.W.2d at 554. Thus, we have considered due diligence as necessary for the trial court's jurisdiction to revoke probation after expiration of the probationary period. *See discussion* in *Rodriguez,* 804 S.W.2d at 519–521 (Teague, J., dissenting). As Judge Benavides noted in the court of appeals' opinion in *Rodriguez v. State,* 784 S.W.2d 582 (Tex. App.—Corpus Christi 1990), the "due diligence" requirement is really in the nature of a plea in bar or defense which must be raised by the probationer. Jurisdiction is therefore contingent upon the establishment of only the first two requirements listed above. Any language to the contrary in prior decisions of this Court is disavowed.

2. The motion alleged the State was delinquent in executing the capias and that the ten year delay (between filing of the motion to revoke and appellant's arrest) unduly prejudiced appellant in defending himself against the claims in the motion and thereby denied him due process.