IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-94-103-CR




ROGER ALLEN HUDDLESTON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 8758, HONORABLE FRED A. MOORE, JUDGE PRESIDING



 





PER CURIAM

 On June 21, 1982, appellant was adjudged guilty of unauthorized use of a vehicle
and sentenced to imprisonment for ten years. Penal Code, 63d Leg., R.S., ch. 399, sec. 1,
§ 31.07, 1973 Tex. Gen. Laws 883, 932 (Tex. Penal Code Ann. § 31.07, since amended). 
Imposition of sentence was suspended, however, and appellant was placed on probation. A capias
for appellant's arrest was issued on July 29, 1982, after he failed to report to his probation officer
and a motion to revoke probation was filed on November 12, 1982. Appellant was arrested in
Florida in November 1993 and returned to Caldwell County. On December 21, 1993, appellant's
probation was revoked and sentence was imposed.

 A trial court retains jurisdiction to revoke probation after the period of probation
expires if the motion to revoke was filed and the capias issued before expiration of the
probationary term. Harris v. State, 843 S.W.2d 34, 35 (Tex. Crim. App. 1992). If the issue is
raised by the probationer, the State must also show that it diligently sought to apprehend the probationer after the capias issued. Id. In this cause, the sole issue on appeal is whether the
district court's finding that the State used due diligence is supported by the record.

 The booking card filled out at the time of appellant's arrest for this offense shows
his address as "6205 Nevada Av. Nashville." Appellant testified that this was the Nashville,
Tennessee, address of his former brother-in-law. Efforts to contact appellant in June and July
1982 at a Lockhart address he gave the probation department at the time of his conviction were
unsuccessful.

 A data sheet maintained by the Caldwell County probation department was admitted
in evidence. From this and other evidence we can construct this timetable of relevant dates:


July 30, 1982: Arrest capias entered on state and national computer systems. 


December 8, 1983: Caldwell County probation department verifies that capias
remains on computer systems.


February 17, 1984: Verification of computer entry.


June 18, 1984: Verification of computer entry.


July 30, 1984: A check of driver's licenses issued by all states discloses a Florida
license in appellant's name.


December 11, 1984: A Fort Lauderdale address is noted, together with the remark
that the subject had been released from custody on December 3. 


April 16, 1985: Teletype sent to Fort Lauderdale requesting assistance.


February 4, 1986: Capias re-entered on computer systems.


May 23, 1989: Verification of computer entry.


June 23, 1989: A driver's license check discloses a Tennessee license.


June 27, 1989: A Richard Huddleston in custody in Nashville, Tennessee, could
not be identified as appellant.


May 17, 1992: Verification of computer entry. A check discloses no record of a
current Texas, Tennessee, or Florida driver's license. 


May 31, 1993: A driver's license check discloses a Tennessee address, and a
teletype is sent to Nashville.

 

June 15, 1993: Information received from Nashville that appellant's true name may
be Richard Jack Miller.


October 23, 1993: Appellant found in custody in Florida.

 Appellant testified that his true name is Richard Jack Miller. Roger Allen
Huddleston is the name of appellant's former brother-in-law and is one of several aliases appellant
has used. Appellant admitted leaving Texas immediately after he was released from custody in
June 1982. Appellant went to Nashville for about one month, then moved to Florida. Soon
thereafter, appellant was convicted for an offense committed in Florida. Appellant spent most of
his years as a fugitive from Caldwell County serving prison sentences in Florida under the name
Richard Jack Miller.

 The burden of proof in a probation revocation proceeding is by a preponderance
of the evidence, and the evidence must be viewed in the light most favorable to the district court's
ruling. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). We believe the evidence
detailed above shows a reasonably diligent effort by the State to apprehend appellant after the
capias issued. Caldwell County authorities made regular and repeated efforts to locate appellant
through the national crime information network. Police in Florida and Tennessee were contacted
to follow up leads. The State's lack of success in finding appellant is due in large part to the fact
that appellant's true name and address were unknown. Cf. Harris, 843 S.W.2d at 36; Rodriguez
v. State, 804 S.W.2d 516, 517 (Tex. Crim. App. 1991); Langston v. State, 800 S.W.2d 553, 555
(Tex. Crim. App. 1990); Hunter v. State, 820 S.W.2d 5, 6 (Tex. App.--Austin 1991, no pet.). 
Because the preponderance of the evidence supports the district court's finding of due diligence,
the point of error is overruled.

 The order revoking probation is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd;

 Chief Justice Carroll Not Participating

Affirmed

Filed: November 2, 1994

Do Not Publish