**Sheryl Lynne MOYERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 07–97–0141–CR.

Court of Appeals of Texas,
Amarillo.

June 18, 1997.

J. Eric Higgins, Dry & Higgins, P.C., Plano, for appellant.

Tom O'Connell, Criminal District Attorney, Cynthia L. Porter, Assistant Criminal District Attorney, for appellee.

Before BOYD, C.J., REAVIS, J., and

REYNOLDS, Senior Justice.*

REYNOLDS, Senior Justice (Assigned).

Aggrieved by the judgment revoking her misdemeanor probation, appellant Sheryl Lynne Moyers contends the State failed to show due diligence was used to apprehend her after the motion to revoke her probation was filed. Agreeing, we will reverse and remand.

Pleading guilty to the misdemeanor offense of driving while intoxicated, appellant was found guilty on 23 May 1990, and assessed punishment of confinement in jail for one year, probated for two years to 22 May 1992, and a fine of $800. More than four years after appellant's probationary period expired, the trial court held a hearing on the State's motion to revoke her probation. At the beginning of the hearing, appellant, conceding the timeliness of the State's motion and the issuance of the warrant, raised the issue whether the State had used due diligence to arrest her. The court found that "the State did not lack due diligence," revoked appellant's probation, and assessed her punishment at a fine of $100 and 45 days confinement in the county jail.

Appellant does not challenge the sufficiency of the evidence supporting the court's findings that she violated conditions of her probation. Instead, she contends the court erred in granting the State's motion to revoke because the State did not prove it had used due diligence to arrest her.

■■■ Having filed its motion to revoke probation and secured the issuance of a warrant before the probationary period expired, and afterwards having apprehended appellant, the State was entitled to a hearing on its motion. Harris v. State, 843 S.W.2d 34, 35 (Tex.Cr.App.1992). The lack of diligence being raised by appellant at the beginning of the hearing, Hardman v. State, 614 S.W.2d 123, 127 (Tex.Cr.App.1981), the State had the burden to show diligence in apprehending appellant and in hearing its motion to revoke probation. Harris v. State, 843 S.W.2d at 35.

■■ The record was developed to show that after appellant was placed on probation, she moved with the concurrence of the State to, and on 14 December 1990 became subject to the probationary supervision of, the State of Arizona. Thereafter, on 8 April 1992, the State filed its motion to revoke appellant's probation because of the alleged violations of six conditions of her probation, and capias was issued on 13 May 1992.

When the capias was received in the Collin County Sheriff's Office on 18 May 1992, the warrant was entered "on the TCIC system of TLETS, which is statewide in Texas." Even though appellant's current resident address was known, no attempt was made to execute the warrant in Arizona. The lack of an attempt, according to Vickie Lane, record warrants supervisor, was because the sheriff's office does not "extradite out of state on a misdemeanor."

On or about 26 August 1994, the sheriff's office received a "felony warrant" for appellant's arrest. From skeletal references in the record it appears the warrant was issued because of appellant's alleged violation of "felony probation," which she had been granted by the 219th District Court in Collin County.

Parenthetically, we notice that Mary Beth Ponce, supervision officer with Collin County in charge of records for the community supervision department, affirmed that the allegations made to revoke appellant's probation in this cause, if believed to be true, would have violated the felony probation. She also conceded that a motion to revoke the felony probation could have been filed at the same time the motion to revoke was filed in this cause, and a warrant could have been obtained in the felony case.

Upon receipt of the felony warrant in the sheriff's office, it was entered on the NCIC computer, and Arizona authorities were requested to attempt to locate appellant at the Arizona address she had given the sheriff's office. Subsequently, on 7 January 1996, appellant was "picked up" in Colorado and, after making a fugitive bond, surrendered to the sheriff's office. She was placed in custo-

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex.

Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1997).

dy by virtue of the misdemeanor warrant on 13 May 1996, the date it was executed in Collin County.

Although the supervision officer had corresponded with appellant several times in, and as late as 26 October 1993, no action was taken by the sheriff's office to notify her of the outstanding misdemeanor warrant before she was apprehended in Colorado. Vickie Lane had no personal knowledge of any attempt to apprehend appellant between 18 May 1992 through 13 May 1996. She confirmed her testimony to be that the only efforts Collin County made to apprehend appellant during the four year period were to put the misdemeanor warrant on the TCIC computer, to put the felony warrant on the NCIC computer, and to "mail[ ] an attempt to apprehend to Arizona."

Under the evidence, appellant contends, the State failed to meet its burden of proof to show the use of due diligence to apprehend her because she was not arrested for almost 48 months after her probationary period expired, the State offered no evidence to show she was attempting to flee from apprehension, and the State waited at least 27 months until the felony warrant was issued before there was any effort to apprehend her. Therefore, she concludes, the trial court abused its discretion in granting the State's motion to revoke probation.

The State responds with the assertion that the courts, although finding no due diligence where there is an unexplained delay in apprehending the probationer, *see, i.e.,* Harris v. State, 843 S.W.2d at 36, uphold findings of due diligence where the State adequately explained the delay. *See, i.e.,* Strickland v. State, 523 S.W.2d 250, 251 (Tex.Cr.App. 1975). Then, the State argues the four year delay in this cause was adequately explained. The tenor of the State's explanation is that appellant chose to voluntarily remove herself from the state when she, having her probation transferred, moved to Arizona, "which subsequently allowed her to avoid apprehension on a misdemeanor warrant." Implicit in the explanation is that the State took all steps within its power by filing the motion to revoke, issuing the capias, entering the warrant on the TCIC and NCIC, and sending a request to Arizona to attempt to apprehend appellant. Additionally, the State, noting that after the capias was issued, three letters were sent to appellant at two different addresses, neither of which was the address listed on the capias, infers that appellant was a fugitive on the run because she failed to report a change of address to the probation department and was located and arrested in Colorado.

Overriding any merit in the State's explanation is the reality that the adoption by both Texas and Arizona of the Uniform Criminal Extradition Act provided the State with the means to apprehend appellant by the use of due diligence if it desired to do so. *See* Tex.Code Crim. Proc. art. 51.13 (Vernon 1979 & Supp.1997). Sections 22 through 24 of the Act are the specific authorization for, and the procedure to secure, the requested apprehension in another state and the return to this State of a person charged with, among other matters, breaking the terms of probation. The authorization includes the extradition of a person charged with violating the terms of probation granted upon a conviction for a misdemeanor offense. Ex parte Harris, 375 S.W.2d 453, 453–54 (Tex.Cr.App.1964).

Thus, contrary to the State's assertion, it was not the fact that appellant moved to Arizona which "allowed her to avoid apprehension on a misdemeanor warrant." Instead, her apprehension was forestalled by the failure of the State to invoke the authority available under the Act to execute the misdemeanor warrant. The record is clear that at least until 26 October 1993, more than 17 months after the capias was issued, if not for some time thereafter, the State knew appellant's various addresses in Arizona; yet, no effort was made to employ the means provided by the Act to secure her apprehension and extradition on the misdemeanor warrant. It follows that the delay in apprehending appellant, occasioned by the State's inaction pursuant to its policy not to "extradite out of state on a misdemeanor," negates the use of due diligence in the same manner as does an unexplained delay. *See, e.g.,* Harris v. State, 843 S.W.2d at 36; Rodriguez v. State, 804 S.W.2d 516, 518 (Tex.Cr.App. 1991). Consequently, the trial court errone-

ously granted the State's motion to revoke probation. Harris v. State, 843 S.W.2d at 36. Appellant's point of error is sustained.

The judgment is reversed and the cause is remanded to the trial court for action consistent with this opinion. *Id.*