NUMBER 13-00-274-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ESEQUIEL GUTIERREZ
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 36th District Court


of San Patricio County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Dorsey and

Rodriguez

Opinion by Justice Rodriguez



 Esequiel Gutierrez, Jr., appellant, pleaded guilty to delivery of a
controlled substance. The trial court found him guilty, sentenced him
to confinement for one year, but suspended his sentence and placed
him on community supervision for three years. Thereafter, appellant's
community supervision was revoked and he was sentenced to
confinement for one year. On appeal, appellant contends the trial court
abused its discretion in revoking community supervision because the
State failed to exercise due diligence in procuring his arrest and because
the only evidence establishing a violation of his community supervision
was inadmissible hearsay. We reverse and remand.

 As a condition of his community supervision, appellant was
committed to the Coastal Bend Regional Restitution Center. On March
8, 1998, the State filed a motion to revoke probation alleging appellant
violated conditions of his community supervision in that he intentionally
and knowingly withdrew himself from the restitution center without
permission, and that he intentionally and knowingly left a community
corrections facility in violation of section 38.113(a) of the Texas Penal
Code. The trial court signed an order for appellant's arrest on May 7,
1998. He was arrested on the motion to revoke on March 22, 2000,
some twenty-two months after the court entered the order of arrest,
and seven months after the expiration of his community supervision. 

 Appellant filed a motion to dismiss the State's motion to revoke
probation on the basis that the State failed to exercise due diligence in
executing his arrest. The court held a hearing on the motion to dismiss
and the motion to revoke on the same date. The court denied
appellant's motion to dismiss and revoked his community supervision. 

 By his first issue, appellant asserts the trial court abused its
discretion in revoking community supervision because the State did not
exercise due diligence in arresting him after the motion to revoke had
been filed. 

 A trial court retains jurisdiction to revoke community supervision
after the period of community supervision has expired so long as a
motion to revoke was filed and a capias issued before the expiration of
the period. Harris v. State, 843 S.W.2d 34, 35 (Tex. Crim. App. 1992);
Langston v. State, 800 S.W.2d 553, 554 (Tex. Crim. App. 1990) (per
curiam). Assuming this jurisdictional requirement is met, the State
must use due diligence in executing the capias that results from the
motion to revoke. Harris, 843 S.W.2d at 35. The State's failure to
exercise due diligence in the execution of the capias gives rise to a plea
in bar or defense. Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim.
App. 1999). Once the defendant meets the burden of production by
raising the due diligence issue at the revocation hearing, the State has
the burden of persuasion to show that it exercised due diligence. 
Brecheisen v. State, 4 S.W.3d 761, 763 (Tex. Crim. App. 1999);
Rodriguez v. State, 804 S.W.2d 516, 518 (Tex. Crim. App. 1991).

 Here, the motion to revoke was filed and the order of arrest was
entered before the expiration of appellant's community supervision. 
Thus, the issue in this case is whether the State exercised due diligence
in apprehending appellant. The evidence showed appellant was living
at the restitution center prior to the filing of the motion to revoke and
had left the center without permission at the time the motion was filed. 
The State had the address where appellant resided prior to his
admittance at the restitution center and attempted to contact him there
by sending him a letter. The letter informed appellant that a motion to
revoke had been filed and that there was a warrant for his arrest. The
State also conducted a warrant and criminal history check on appellant,
possibly to determine if he was in custody in another county. The State
made no other attempt to contact appellant. A probation officer testified
that appellant did not have a phone, so the State could not call him. 

 The court of criminal appeals has found that the State did not
exercise due diligence in cases in which a significant period of time
elapsed between the filing of the motion to revoke and the arrest, and
between the expiration of probation and the arrest. See Harris, 843
S.W.2d at 35-36; Rodriguez, 804 S.W.2d at 517; Langston, 800 S.W.2d
at 554. In those cases, the State knew the probationers' addresses, yet
failed to make any meaningful effort to apprehend them. Harris, 843
S.W.2d at 35-36 (no due diligence when appellant was arrested almost
ten years after it filed a motion to revoke, motion to revoke was filed
after the appellant ceased reporting to his probation officer, the State
performed records checks with the local police and the Texas
Department of Public Safety, requested updated address information
from the post office, contacted references on the appellant's personal
information sheet, and there was no evidence the appellant went into
hiding); Rodriguez, 804 S.W.2d at 517-518 (no due diligence when
approximately two years passed between the motion to revoke and
revocation of probation, there was a one year lapse between the
expiration of probation and the revocation of probation, and the State
knew the appellant's address and place of employment, yet did not
attempt to apprehend him); Langston, 800 S.W.2d at 554-55 (no due
diligence when eight months passed between the filing of the motion
to revoke and the arrest, over seven months lapsed between the
expiration of probation and the arrest, the State knew the appellant's
address, and there was no evidence the appellant was in hiding).

 This Court has held that a trial court did not err in finding the State
exercised due diligence when four months lapsed between issuance
and service of the capias, the appellant apparently gave his probation
officer misinformation regarding his address, and multiple attempts
were made to locate the appellant by contacting his relatives, checking
with the post office for a forwarding address, and enlisting the
assistance of the Palacios Police Department to find him. Rodriguez v.
State, 951 S.W.2d 199, 202 (Tex. App.--Corpus Christi 1997, no pet.). 

 Under the circumstances in this case, we are unable to conclude
the State exercised due diligence in executing appellant's arrest. There
was a significant lapse of time between the filing of the motion to
revoke and appellant's arrest, as well as the expiration of community
supervision and the arrest. During that period, the State's only actions
in attempting to apprehend appellant were mailing a letter to his
address and conducting a criminal history and warrant check. 

 Unlike cases upholding a trial court's finding of due diligence,
there is no evidence in this case that the delay in apprehending
appellant was appellant's own fault. See Strickland v. State, 523
S.W.2d 250, 251 (Tex. Crim. App. 1975) (delay was explained when it
was proven that defendant's address at the time the motion to revoke
was filed was entirely different from the address he had reported to the
probation office); Rodriguez, 951 S.W.2d at 201-02 (delay was
explained because appellant provided probation officer with six different
addresses, none of which were in the city where he was residing). 
Here, the State presented no evidence appellant evaded service or was
in hiding. That appellant left the restitution center without permission,
which was the underlying reason for the revocation of his community
supervision, does not excuse the State's failing to take any significant
action toward apprehending appellant, particularly when it knew his
address. 

 The trial court should have granted appellant's motion to dismiss. 
Appellant's first issue is sustained. Because his first issue is
dispositive, we do not reach appellant's remaining issues. See Tex. R.
App. P. 47.1 

 The judgment of the trial court is REVERSED, and the cause is
REMANDED to the trial court for action consistent with this opinion. 

 

 

 NELDA V. RODRIGUEZ

 Justice


Publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 12th day of April, 2001.