COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 
2-02-428-CR

TIMOTHY ORIE BOWEN                                                         APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                               STATE 
 
------------
 
FROM THE 
355TH DISTRICT COURT OF HOOD COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
I. INTRODUCTION
        Pursuant to a plea bargain agreement, appellant Timothy Orie Bowen 
pleaded guilty to burglary of a building on March 10, 1994. The trial court 
deferred appellant’s finding of guilt and placed him on community supervision 
for a period of seven years. On August 12, 2002, the trial court conducted a 
hearing on the State’s Motion to Proceed with an Adjudication of Guilt, which 
was filed on November 23, 1998. After the hearing, the trial court adjudicated 
appellant’s guilt and sentenced him to eight years’ confinement. In two points, 
appellant complains that he was not given proper jail-time credit and that the 
State failed to show due diligence in apprehending appellant and bringing him 
before the trial court. We affirm. 
II. FACTUAL AND PROCEDURAL BACKGROUND
        On September 22, 1998, after appellant violated the terms of his 
community supervision, the trial court ordered appellant to enter a restitution 
center as a condition of his amended community supervision. On November 
15, 1998, appellant absconded from the restitution center and returned to his 
permanent residence in Florida. 
        While living in Florida, appellant was arrested on an unrelated matter and 
sentenced to twenty-nine-and-one-half months’ confinement in the Florida 
Department of Corrections, which he served from August 25, 1999 to February 
18, 2001. Following his release, appellant continued to reside in Florida. On 
May 20, 2002, appellant was arrested after a traffic stop in Florida and 
detained pursuant to a Texas capias issued after the State of Texas filed its 
Motion to Proceed with an Adjudication of Guilt on November 23, 1998. 
Following appellant’s return to Hood County, Texas, the State filed an amended 
Motion to Proceed with Adjudication of Guilt. Appellant responded by filing a 
Motion to Dismiss due to a lack of due diligence in executing the capias. 
        At the hearing on the State’s motion, appellant claimed that Texas 
officials were aware of appellant’s arrest, incarceration, and release in Florida 
and suggested there was a hold or detainer on him from Texas; he offered no 
additional evidence to support these allegations. After appellant’s “plea of 
true,” the trial court adjudicated him guilty and sentenced him to eight years in 
prison. Appellant filed a Motion for New Trial on September 9, 2002, seeking 
to correct his amount of jail-time credit, which the trial court denied. At the 
hearing on his motion, appellant explained that no “holds” were placed on him 
while he was incarcerated in the Florida prison. 
III. JAIL-TIME CREDIT 
        In his first point, appellant argues that the trial court erred by failing to 
give him jail-time credit for the approximate two months he served at the 
restitution center as a condition of his community supervision, the twenty-nine 
and-one-half months’ confinement he served in the Florida Department of 
Corrections on a separate charge, and the approximate year and three months 
between his release from the Florida prison and detainment pursuant to the 
Texas capias. 
        Article 42.03 of the Texas Code of Criminal Procedure provides: 
In all criminal cases the judge of the court in which the
defendant was convicted shall give the defendant
credit on his sentence for the time that the defendant
has spent in jail in said cause, other than confinement
served as a condition of community supervision, from
the time of his arrest and confinement until his
sentence by the trial court.

Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (Vernon Supp. 2003) (emphasis 
added). Further, when a person having a criminal case in one jurisdiction is 
confined, either physically or constructively, by another jurisdiction, he is 
confined on “said cause” only if a detainer or “hold” is lodged against him by 
the first jurisdiction. Ex parte Bynum, 772 S.W.2d 113, 114 (Tex. Crim. App. 
1989); Nixon v. State, 572 S.W.2d 699, 701 (Tex. Crim. App. [Panel Op.] 
1978). 
        The time appellant spent in the restitution center before he absconded 
was time served as a condition of community supervision. Therefore, appellant 
is not entitled to jail credit for that time. See Tex. Code Crim. Proc. Ann. art. 
42.03, § 2(a). 
        The time appellant spent in the Florida Department of Corrections was not 
time served on “said cause” because there is no evidence that a detainer or a 
written or oral request was made by Texas to hold appellant for the charges in 
the instant case. Morever, appellant testified that he was not aware of a 
detainer from Texas placed on him while he was confined in Florida: 
[PROSECUTOR:] Are you aware of whether or not any hold
had been placed on you in Sarasota [, Florida] for the burglary
charge here [in Texas]?
 
[APPELLANT:] No. Not that I know of. I hadn’t recieved it. 
They would have told me before I got released if there would have 
been holds on me or detainers or anything. They wouldn’t have let 
me go. 

Therefore, because there is no evidence that a hold was placed on appellant,
he is not entitled to credit on his Texas sentence for the time he was confined
in a Florida prison. 
        The time between appellant’s release from prison in Florida and his arrest 
also was not time served because appellant was not confined, either actually 
or constructively. See Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a). In Ex 
parte Millard, a defendant, who was erroneously released on probation after 
serving only one of his two sentences, received jail-time credit for the time he 
was on probation. 48 S.W.3d 190, 191 (Tex. Crim App. 2001). Relying on 
Millard, appellant argues: 
Once a person begins serving a sentence, that person
continues serving the sentence, either in prison, on
parole, or on mandatory supervision, until the sentence
is discharged. A sentence must be continuous and a
prisoner or inmate cannot be required to serve his
sentence in installments. It follows that an inmate
erroneously released from confinement through no fault
of his own is entitled to credit on his sentence for the
time he was at liberty.

Id. at 192. Unlike Millard, however, there is no evidence appellant had begun
to serve his sentence on the current charge before he was released from the
Florida prison. Moreover, appellant’s release was not erroneous because there
is no evidence that Florida was aware of the Texas capias. Therefore, appellant
is not entitled to jail-time credit for this time period. Having determined that the
trial court did not err regarding the calculation of appellant’s jail-time credits, we
overrule appellant’s first point. 
IV. LACK OF DUE DILIGENCE 
        In appellant’s second point, he argues that the State failed to show due 
diligence in apprehending him and bringing him before the trial court. Article 
42.12, section 5(b) of the Texas Code of Criminal Procedure states than an 
appellant whose deferred adjudication has been revoked and who has been 
adjudicated guilty of the original charge may not raise a claim of error in the 
adjudication of guilt process. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b); 
Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). A claim that 
the State failed to exercise due diligence in executing an arrest capias “‘is really 
in the nature of a plea in bar or defense’ which must be raised by the defendant 
at the revocation hearing.” Connolly, 983 S.W.2d at 741 (quoting Harris v. 
State, 843 S.W.2d 34, 35-36 n.1 (Tex. Crim. App. 1992)). Although appellant 
filed a motion to dismiss based on a lack of due diligence, the trial court 
adjudicated appellant guilty. Therefore, the trial court’s “decision on the due 
diligence issue was merely a part of its decision to revoke and proceed to 
judgment, and no appeal lies from that decision.” Id. We overrule appellant’s 
second point. 
V. CONCLUSION 
        Having overruled both of appellant’s points on appeal, we affirm the 
judgment of the trial court. 
 
 
                                                          SAM J. DAY 
                                                        
  JUSTICE
 
PANEL A:   CAYCE, C.J.; DAY and GARDNER, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 16, 2003