TIMOTHY ORIE BOWEN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-428-CR

TIMOTHY ORIE BOWEN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355
TH
 DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. 
I
NTRODUCTION

Pursuant to a plea bargain agreement, appellant Timothy Orie Bowen pleaded guilty to burglary of a building on March 10, 1994.  The trial court deferred appellant’s finding of guilt and placed him on community supervision for a period of seven years.  On August 12, 2002, the trial court conducted a hearing on the State’s Motion to Proceed with an Adjudication of Guilt, which was filed on November 23, 1998.  After the hearing, the trial court adjudicated appellant’s guilt and sentenced him to eight years’ confinement.  In two points, appellant complains that he was not given proper jail-time credit and that the State failed to show due diligence in apprehending appellant and bringing him before the trial court.  We affirm.

II. F
ACTUAL
 
AND
 P
ROCEDURAL 
B
ACKGROUND

On September 22, 1998, after appellant violated the terms of his community supervision, the trial court ordered appellant to enter a restitution center as a condition of his amended community supervision.  On November 15, 1998, appellant absconded from the restitution center and returned to his permanent residence in Florida.  

While living in Florida, appellant was arrested on an unrelated matter and sentenced to twenty-nine-and-one-half months’ confinement in the Florida Department of Corrections, which he served from August 25, 1999 to February 18, 2001.  Following his release, appellant continued to reside in Florida.  On May 20, 2002, appellant was arrested after a traffic stop in Florida and detained pursuant to a Texas capias issued after the State of Texas filed its Motion to Proceed with an Adjudication of Guilt on November 23, 1998.  Following appellant’s return to Hood County, Texas, the State filed an amended Motion to Proceed with Adjudication of Guilt.  Appellant responded by filing a Motion to Dismiss due to a lack of due diligence in executing the capias. 

At the hearing on the State’s motion, appellant claimed that Texas officials were aware of appellant’s arrest, incarceration, and release in Florida and suggested there was a hold or detainer on him from Texas; he offered no additional evidence to support these allegations.  After appellant’s “plea of true,” the trial court adjudicated him guilty and sentenced him to eight years in prison. 
 Appellant filed a Motion for New Trial on September 9, 2002, seeking to correct his amount of jail-time credit, which the trial court denied.  At
 the hearing on his motion, appellant explained that no “holds” were placed on him while he was incarcerated in the Florida prison. 

III. J
AIL
-
T
IME
 C
REDIT
 

In his first point, appellant argues that the trial court erred by failing to give him jail-time credit for the approximate two months he served at the restitution center as a condition of his community supervision, the twenty-nine and-one-half months’ confinement he served in the Florida Department of Corrections on a separate charge, and the approximate year and three months between his release from the Florida prison and detainment pursuant to the Texas capias.  

Article 42.03 of the Texas Code of Criminal Procedure provides:   

In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail 
in said cause, other than confinement served as a condition of community supervision,
 from the time of his arrest and confinement until his sentence by the trial court.

Tex. Code Crim. Proc. Ann.
 art. 42.03, § 2(a) (Vernon Supp. 2003) (emphasis added).  Further, when a person having a criminal case in one jurisdiction is confined, either physically or constructively, by another jurisdiction, he is confined on “said cause” only if a detainer or “hold” is lodged against him by the first jurisdiction.  
Ex parte Bynum
, 772 S.W.2d 113, 114 (Tex. Crim. App. 1989); 
Nixon v. State
, 572 S.W.2d 699, 701 
(Tex. Crim. App. [Panel Op.] 1978)
. 

The time appellant spent in the restitution center before he absconded was time served as a condition of community supervision.  Therefore, appellant is not entitled to jail credit for that time. 
 See
 
Tex. Code Crim. Proc. Ann.
 art. 42.03, § 2(a).
 

The time appellant spent in the Florida Department of Corrections was not time served on “said cause” because there is no evidence that a detainer or a written or oral request was made by Texas to hold appellant for the charges in the instant case.  Morever, appellant testified that he was not aware of a detainer from Texas placed on him while he was confined in Florida:

[PROSECUTOR:] Are you aware of whether or not any hold had been placed on you in Sarasota [, Florida] for the burglary charge here [in Texas]?

[APPELLANT:] No.  Not that I know of.  I hadn’t recieved it. They would have told me before I got released if there would have been holds on me or detainers or anything.  They wouldn’t have let me go. 

Therefore, because there is no evidence that a hold was placed on appellant, he is not entitled to credit on his Texas sentence for the time he was confined in a Florida prison. 

The time between appellant’s release from prison in Florida and his arrest also was not time served because appellant was not confined, either actually or constructively. 
 See
 Tex. Code Crim. Proc. Ann.
 art. 42.03, § 2(a).
 
 In 
Ex parte Millard
, 
a defendant, who was erroneously released on probation after serving only one of his two sentences, received jail-time credit for the time he was on probation.  48 S.W.3d 190, 191 (Tex. Crim App. 2001).  Relying on 
Millard
, appellant argues:

Once a person begins serving a sentence, that person continues serving the sentence, either in prison, on parole, or on mandatory supervision, until the sentence is discharged.  A sentence must be continuous and a prisoner or inmate cannot be required to serve his sentence in installments.  It follows that an inmate erroneously released from confinement through no fault of his own is entitled to credit on his sentence for the time he was at liberty.

Id.
 at 192.  Unlike 
Millard
, however, there is no evidence appellant had begun to serve his sentence on the current charge before he was released from the Florida prison.  Moreover, appellant’s release was not erroneous because there is no evidence that Florida was aware of the Texas capias.  Therefore, appellant is not entitled to jail-time credit for this time period.  Having determined that the trial court did not err regarding the calculation of appellant’s jail-time credits, we overrule appellant’s first point. 

IV. L
ACK OF
 D
UE
 D
ILIGENCE 

In appellant’s second point, he argues that the State failed to show due diligence in apprehending him and bringing him before the trial court.  Article 42.12, section 5(b) of the Texas Code of Criminal Procedure states than an appellant whose deferred adjudication has been revoked and who has been adjudicated guilty of the original charge may not raise a claim of error in the adjudication of guilt process. 
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b); 
Connolly v. State
, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999).  A claim that the State failed to exercise due diligence in executing an arrest capias “‘is really in the nature of a plea in bar or defense’ which must be raised by the defendant at the revocation hearing.” 
Connolly
, 983 S.W.2d at 741 (
quoting 
Harris v. State
, 843 S.W.2d 34, 35-36 n.1 (Tex. Crim. App. 1992)).  Although appellant filed a motion to dismiss based on a lack of due diligence, the trial court adjudicated appellant guilty.  Therefore, the trial court’s “decision on the due diligence issue was merely a part of its decision to revoke and proceed to judgment, and no appeal lies from that decision.”  
Id.
  We overrule appellant’s second point. 

V.
 
C
ONCLUSION 

Having overruled both of appellant’s points on appeal, we affirm the judgment of the trial court. 

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; DAY and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  October 16, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.