Opinion issued on June 15, 2006










 





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00490-CR




ELROY TOMPKINS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 155th District Court
Waller County, Texas
Trial Court Cause No. 99-03-9782




MEMORANDUM OPINION

          Appellant, Elroy Tompkins, pleaded guilty to aggravated sexual assault of a
child. The trial court found appellant guilty and sentenced him to 10 years of
deferred adjudication community supervision. Appellant later violated the conditions
of his community supervision, and the trial court sentenced him to 10 years in prison
and assessed court costs of $230.25. In four points of error, appellant asserts that the
trial court erred in (1) sentencing him for the offense of aggravated sexual assault of
a child, a first degree felony offense, after the indictment had been reduced to a
second degree felony; (2) allowing him to enter a plea without regard to the due order
of pleadings; (3) going forward with the State’s motion to adjudicate guilt without
showing that he had received adequate and proper notice; and (4) going forward with
the State’s motion to adjudicate guilt when the State showed a lack of due diligence
in proceeding with the adjudication of guilt and sentencing after the revocation of his
community supervision. We modify the judgment and, as modified, affirm. 
Background
            Appellant pleaded guilty to the first degree felony offense of aggravated
sexual assault of a child.


 At the hearing on punishment, the State orally agreed to
amend the indictment to reduce the charge from a first degree felony to a second
degree felony because the complainant was over the age of 14 but under the age of
17 at the time of the offense.


 Appellant signed a waiver of constitutional rights and
stipulated that the acts alleged in the indictment were true. The trial court accepted
his plea and reset the case for sentencing after a pre-sentence investigation (“PSI”)
was conducted. Following a hearing, the trial court sentenced appellant to 10 years
deferred adjudication community supervision.


 
          The State filed its final motion to adjudicate guilt


 stating that appellant had
violated the conditions of his community supervision. In its motion, the State alleged
that appellant failed to (1) submit to a polygraph exam, (2) attend sex offender
counseling, (3) report to his probation meetings, and (4) complete his community
service requirement. Appellant was also charged with being removed from group
counseling and testing positive for alcohol and marijuana. Appellant pleaded true to
each allegation. Following a hearing, the trial court revoked appellant’s community
supervision, sentenced him to 10 years in prison, and assessed court costs of $230.25.
Jurisdiction
          In his first point of error, appellant argues that the trial court erred in
sentencing him for the offense of aggravated sexual assault of a child, a first degree
felony, after the indictment had been amended to reduce the charge to a second
degree felony offense. Specifically, he contends that the trial court erred in
sentencing him pursuant to the State’s fourth motion to adjudicate guilt because the
order of deferred adjudication, and subsequent judgment revoking adjudication of
guilt


 incorrectly listed the degree of appellant’s offense as a first degree felony. 
Appellant asserts that this jurisdictional error in the underlying sentencing document
renders the finding of guilt void. We disagree.
          Under article 42.12, section 5(b) of the Code of Criminal Procedure, if a
defendant violates a condition of his deferred adjudication community supervision,
he is entitled to a hearing “limited to the determination by the court of whether it
proceeds with an adjudication of guilt on the original charge. No appeal may be
taken from this determination.” Tex. Code Crim. Proc. Ann. art 42.12, § 5(b)
(Vernon Supp. 2005); Hogans v. State, 176 S.W.3d 829, 832 (Tex. Crim. App. 2005). 
In an appeal from a judgment adjudicating guilt after community supervision has been
revoked, this Court only has jurisdiction to consider a claim that, “on its face, relate[s]
to the sentence imposed, not to the decision to adjudicate.” Hogans, 176 S.W.3d at
834. Thus, if an appeal only raises a claim of purported error in the adjudication of
guilt determination, a court of appeals should dismiss the claim without reaching the
merits. See id. Appellant’s claim that he was “not properly found guilty” challenges
the underlying determination by the court of whether to adjudicate guilt and not the
court’s assessment of punishment. See Hargesheimer v. State, 182 S.W.3d 906, 910
(Tex. Crim. App. 2006). Because he makes no challenges related to the punishment
phase of the hearing, we cannot consider the effect of the trial court’s consideration
of punishment under the first degree punishment range. 
          An exception to the general rule that a defendant placed on deferred
adjudication community supervision must raise issues relating to the original plea
proceeding at the time the punishment is first imposed, is the “void judgment”
exception. Nix v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). The “void
judgment” exception allows an appellant to raise error regarding his original plea
hearing after revocation of probation if the error is one that would render the original
judgment void. Id. If an original judgment imposing probation is void, then the trial
court has no authority to revoke probation because a void judgment leaves nothing
to revoke. Id. at 668. The void judgment exception applies to deferred adjudication
probation. Id.
          A judgment is rarely void and usually requires a showing of a jurisdictional
issue, such as: (1) a constitutional defect in the charging instrument (i.e. indictment,
information, or complaint); (2) a lack of subject matter jurisdiction over the offense
charged; (3) a record that reflects no evidence to support the conviction; or (4) a
denial of counsel for an indigent. Id. (finding this list of jurisdictional issues to be
“very nearly” exclusive). Otherwise, a “void conviction” is one in which the court
had no jurisdiction over the subject matter of the case or over the accused, or when
the trial court lacked qualification to act in any manner. Ex parte McCain, 67 S.W.3d
204, 209 (Tex. Crim. App. 2002).
          Here, appellant has failed to allege an error that could render the original
judgment of conviction void. He has not asserted that the trial court committed error
at his original plea hearing, and he has not demonstrated that there was any
jurisdictional issue involved in this case. Although an indictment that does not satisfy
the constitutional requisites of a charging instrument qualifies as a jurisdictional
defect, appellant has not claimed that the indictment in this case is constitutionally
infirm. See Nix, 65 S.W.3d at 668. He is only claiming that errors in the order
granting deferred adjudication and the judgment of conviction rendered his
conviction void. Appellant was required to appeal this issue at the time the court
ordered him placed on deferred adjudication. See Manuel v. State, 994 S.W.2d 658,
661-62 (Tex. Crim. App. 1999). Appellant’s appeal after adjudication and revocation
is untimely, and we have no jurisdiction to address this issue. 
          Accordingly, we overrule appellant’s first point of error.
          We do, however, modify the judgment to reflect that appellant was convicted
of a second degree felony.
Due Order of Pleadings
          In his second point of error, appellant argues that, without regard to the due
order of pleadings, the trial court erred in allowing his plea to be made at the hearing
on punishment. He contends that, in order for him to have been properly and
voluntarily placed on deferred adjudication community supervision, the trial court
must have gone through a series of steps to insure appellant was accorded a fair
hearing on the matter. 
          To preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds for the
desired ruling if they are not apparent from the context of the request, objection, or
motion. Tex. R. App. P. 33.1(a)(1). The trial court must have ruled on the request,
objection, or motion, either expressly or implicitly, or the complaining party must
have objected to the trial court’s refusal to rule. Tex. R. App. P. 33.1(a)(2); see also
Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Here, appellant did
not object at trial that the due order of pleadings had not been followed. Therefore,
we conclude that he failed to preserve for our review any complaint that the trial court
abused its discretion. Tex. R. App. P. 33.1.
We overrule appellant’s second point of error.
Failure to Receive Proper Notice
          In his third point of error, appellant argues that the trial court erred in going
forward with the State’s fourth amended motion to adjudicate guilt without a showing
that the defendant had received adequate and proper notice of the motion. He
contends that, because the record does not reflect that he was duly served with the
motion, the adjudication should be rescinded and the matter remanded to the trial
court for further proceedings. We disagree. 
          Appellant never objected to a lack of notice at trial. He had almost four months
from the time that the State filed its fourth amended motion to adjudicate guilt to the
time of the hearing on the motion to revoke his deferred adjudication community
supervision to have filed an objection with the trial court complaining that he had not
received adequate notice of the motion. He chose not to object; therefore, his failure
to object waives any error. Tex. R. App. P. 33.1(a)(2); see Turner v. State, 805
S.W.2d 423, 431-32 (Tex. Crim. App. 1991). Failure to object can result in the
waiver of even constitutional error. Mendez, 138 S.W.3d at 342.  
          We overrule appellant’s third point of error.
Failure to Show Due Diligence
          In his fourth point of error, appellant argues that the trial court erred in
allowing the State to proceed with its fourth amended motion to adjudicate guilt
because it failed to exercise due diligence in providing appellant with a speedy
revocation hearing. We disagree.
          The Court of Criminal Appeals has held that, “given the plain meaning of
Article 42.12, § 5(b) [of the Code of Criminal Procedure], an appellant whose
deferred adjudication probation has been revoked and who has been adjudicated
guilty of the original charge, may not raise on appeal contentions of error in the
adjudication of guilt process.” Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim.
App. 1999). The court then reasoned that, “the due diligence issue ‘is really in the
nature of a plea in bar or defense.’” Id. (quoting Harris v. State, 843 S.W.2d 34,
35-36 n.1 (Tex. Crim. App. 1992)). Thus, the trial court’s finding on the issue “was
merely a part of its decision to revoke and proceed to judgment,” and was not
appealable. Id. Accordingly, we overrule appellant’s fourth point of error.
Conclusion
          We modify the judgment revoking adjudication of guilt to reflect that the
“Degree of Offense” is a second degree felony and that the “Applicable Punishment
Range” be modified to comply with that offense. As modified, we affirm the
judgment of the trial court.         
                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.4.