

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,948

### EX PARTE CASEY TYRONE SLEDGE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 49550-02-B IN THE 181st DISTRICT COURT FROM POTTER COUNTY

*Per curiam*.

**O P I N I O N**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of sexual assault of a child and sentenced to five years' imprisonment in each count. He did not appeal his conviction.

Applicant contends that the trial court lacked jurisdiction to adjudicate guilt in this case. Specifically, Applicant contends that the capias for his arrest did not issue until January 13, 2011, three days after his sentence of community supervision had expired.

The State has entered a response to the application stating, in pertinent part:

In his instant *Application for Writ of Habeas Corpus*, Applicant alleges that the Court lacked jurisdiction to revoke his community supervision because the capias for his arrest was issued after the termination of the period of community supervision.

The State would show that Applicant is correct in his assertion that the capias for his arrest was issued after January 10, 2011, the date his community supervision was terminated.

The Applicant is entitled to relief. *Harris v. State*, 843 S.W.2d 34, 35 (Tex. Crim. App. 1992). The judgment in Cause No. 49550-B in the 181st District Court of Potter County is set aside and the sentence in this cause is discharged.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: January 16, 2013
Do not publish