IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,948






EX PARTE CASEY TYRONE SLEDGE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 49550-02-B IN THE 181st DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
sexual assault of a child and sentenced to five years' imprisonment in each count. He did not appeal
his conviction. 

 Applicant contends that the trial court lacked jurisdiction to adjudicate guilt in this case.
Specifically, Applicant contends that the capias for his arrest did not issue until January 13, 2011,
three days after his sentence of community supervision had expired.

 The State has entered a response to the application stating, in pertinent part:

 In his instant Application for Writ of Habeas Corpus, Applicant alleges that
the Court lacked jurisdiction to revoke his community supervision because
the capias for his arrest was issued after the termination of the period of
community supervision.

 

 The State would show that Applicant is correct in his assertion that the capias
for his arrest was issued after January 10, 2011, the date his community
supervision was terminated.


 The Applicant is entitled to relief. Harris v. State, 843 S.W.2d 34, 35 (Tex. Crim. App.
1992). The judgment in Cause No. 49550-B in the 181st District Court of Potter County is set aside
and the sentence in this cause is discharged. 

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: January 16, 2013

Do not publish